ANNIE BETHELL V. THE CHICAGO LUMBER COMPANY.

1. MECHANICS' LIEN, *Not Defeated.* Where the husband of the owner contracts for material to erect improvements upon the property of his wife, and a mechanics' lien is filed against said property by the contractor furnishing the material, *held,* that no contract between the husband and wife can defeat the lien, where such contract is not disclosed to said contractor.

2. STATEMENT, *in Form of Affidavit — Lien Not Void.* Where an itemized statement and the allegations necessary to constitute a mechanics' lien are all included and made in the form of an affidavit, instead of a statement with an affidavit attached, *held,* that the lien is not void because of such form.

3. REFEREE — *Report Disregarded.* Where a reference of a question of fact has been made, and the referee has made his report to the court, and no action has been taken thereon, and at the trial all the questions are submitted to the court as though no reference had been had, *held,* such reference and report are not binding upon the court, and may be disregarded.

*Error from Cloud District Court.*

ACTION brought by M. T. Greene and others, constituting *The Chicago Lumber Company,* against *Annie* and *John Bethell,* who were husband and wife. The action was brought to foreclose a mechanics' lien against defendants for lumber and material purchased for the erection of a dwelling house, and for repairing and transforming a carpenter shop into a dwelling house, on certain lots in Concordia, Kansas, alleged to have been owned by Annie Bethell in her own right. The plaintiff claimed that the lumber in controversy was sold under a contract with John Bethell, the husband of Annie Bethell, the owner, for the erection of these buildings, and that said lumber was furnished and used for that purpose, and that part payment was made therefor by Annie Bethell. Defendants claimed that said lumber was purchased by John Bethell as contractor, and that as such contractor he had a contract with Annie Bethell, his wife, for the erection and repairs of said buildings, by the terms of which he was to furnish all the material therefor at a stipulated price; that

said sum had been paid to the contractor without knowledge of any claim of the plaintiff company. Trial by the court, at the October term, 1886, and judgment for the plaintiff and for the foreclosure of the mechanics' lien, as prayed for. The court made findings as follows:

"FINDINGS OF FACT.

"1. On the 11th day of September, 1883, the defendants were and still are husband and wife, and on that day the defendant Annie Bethell was the owner of lots 30, 31, 32, 33, 34 and 35, in block 156, in Concordia, Kansas. All of said lots are adjoining tracts, and are not separated by any intervening land, but they were not all purchased by said Annie Bethell at one time, nor all from the same grantor. At that date there was a dwelling house on lot 34, which extended across the line on lot 35. There was also a carpenter shop on lot 33, and the remainder of the premises was vacant and unoccupied. The carpenter shop and the dwelling house were independent of each other, were not used in connection with each other, there being a space of about four feet between the two buildings, and no passageway communicating from one to the other.

"2. On September 3, 1883, the defendants, who were then husband and wife, and the defendant Annie Bethell being the owner of said premises, made a written contract between themselves by the terms of which, for a stated sum, the defendant John Bethell was to repair and improve said carpenter shop, and convert it into a dwelling house, he furnishing the material and doing the work. And on the 3d day of October, 1883, the defendants made another written contract, by the terms of which, for a stipulated sum, said John Bethell was to furnish the material and do the work necessary to erect and complete a new dwelling house on lots 30 and 31. Said contracts were afterward performed by both parties, except that the new building was erected on lots 31 and 32, with a space of about eight or nine feet intervening between it and the carpenter shop. All of said houses have since been occupied by numerous tenants at the same time, and were never all leased to one person.

"3. On September 11, 1883, said John Bethell made a contract with the plaintiff for the purchase at an agreed price per thousand feet, of as much lumber as he would need in altering the carpenter shop into a dwelling house, and erecting a new dwelling house on said lots. This contract was made

with W. H. Fullerton, the manager of plaintiff's business. Said Fullerton was not informed of the existence of any contract between the defendants, but was informed by the defendant John Bethell that he and his wife had talked the matter over, and concluded to alter the old carpenter shop into a dwelling house, and build a new house. He also informed said Fullerton that any time he wanted the money he could go to the defendant Annie Bethell, and she would pay him. Upon this contract plaintiff furnished the lumber used in the alteration of the said carpenter shop and the erection of the said new dwelling house, for the price of which this action was brought. Said Fullerton twice called on the defendant Annie Bethell for money on account of said lumber, and on each occasion an amount of money was paid by her to him on said account, and at each of said times she requested said Fullerton to give her a receipt for the amount paid, which he declined to do, but gave receipts for the same to John Bethell.

"4. All the entries made in the books on account of the plaintiff relating to the transaction were made in the name of John Bethell, and the name of Annie Bethell nowhere appears in said books. Neither is there in said books any description of or reference to said lots.

"5. The last item of materials furnished by plaintiff under said contract, and used in the alteration and erection of said dwellings, was furnished on the 14th day of January, 1884. The plaintiff's statement for a mechanics' lien was filed in the office of the clerk of the district court of Cloud county, March 17, 1884. This action was commenced December 24, 1884. In entering said mechanics'-lien statement, in the record of mechanics' liens, the clerk entered therein the name of John Bethell as owner, but the statement which was filed gives the name of Annie Bethell as owner, and states that the contract under which the lumber was furnished was made with her husband, John Bethell. Said statement was subscribed by W. H. Fullerton, as plaintiff's manager, and was by him sworn to before J. W. Sheafor, notary public, who is now and was at the commencement of this action the attorney of record of the plaintiff. No copy of mechanics'-lien statement was ever served on any person, nor furnished nor delivered to either of the defendants."

"CONCLUSIONS OF LAW.

"1. The plaintiff is entitled to a personal judgment against the defendant Annie Bethell only, for the amount found to be due the plaintiff, and for costs.

"2. The plaintiff has a valid mechanics' lien for $236.80, on lots 30, 31, 32 and 33, in block 156, in Concordia, Kansas, and is entitled to have the same foreclosed."

The defendant *Annie Bethell* brings the case here.

*L. J. Crans*, for plaintiff in error.

*Sheafor & Botsford*, for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff in error now insists that on the pleadings and findings of fact no judgment ought to have been rendered in favor of the plaintiff, defendant in error. The petition alleged a contract for material with the husband of the owner, Annie Bethell, and asked for the foreclosure of the mechanics' lien against said property under the contract. The plaintiff in error insists that, as the findings show that John Bethell was a contractor, and had a written contract with his wife, Annie Bethell, to erect the improvements and furnish the material and to receive certain compensation therefor, if defendant in error had any claim whatever and was entitled to have any lien against said property, it must be as sub-contractor, instead of a direct lien as contractor. Section 630 of the civil code is as follows:

"SEC. 630. Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, his agent or trustee, or under contract with the husband or wife of such owner, perform labor or furnish material for erecting, altering or repairing any building or the appurtenances of any building, or any erection or improvement, or shall furnish or perform labor in putting up any fixtures or machinery in or attachment to any such building or improvement, or plant and grow any trees, vines and plants, or hedge or hedge fence, or shall build a stone fence, or shall perform labor or furnish material for erecting, altering or repairing any fence on any tract or piece of land, shall have a lien upon the whole piece or tract of land, the buildings and appurtenances, in the manner herein provided, for the amount due to him for such labor or material, fixtures or machinery. Such liens shall be preferred to all other liens and incumbrances which may attach to or upon such lands, buildings or improvements, or either of them, subsequent to the commencement of such building,

the furnishing or putting up of such fixtures or machinery, or planting and growing of such trees, vines or plants, or hedge or hedge fence, or stone fence, or the making of any such repairs or improvement; and if any promissory note, bearing not exceeding twelve per cent. interest per annum, shall have been taken for any such labor or material, it shall be sufficient to file a copy of such note, with a sworn statement that said note or any part thereof, was given for such labor or material used in the construction of any such building or improvement, in the office of the district clerk, and it shall be necessary to file a list of items used, and the lien shall be for the principal and interest aforesaid, as specified in said note."

The language used in this statute is broad enough to include all contracts made by the husband or wife of the owner of the property for the purchase of material or the erection of improvements thereon, and when a contract is made and the material furnished or improvements made, the party making or furnishing such improvements is entitled to a direct lien against the property. It is true that the husband might contract for the material as a contractor in such manner that the person furnishing material thereunder would be entitled only to a sub-contractor's lien, but when material is furnished under such circumstances there ought to be some knowledge conveyed to the party furnishing the material, of the existence of such a contract. Where the husband of the owner of the property purchases material, which the statute provides he may do, the person furnishing the material under such a contract may presume, and he has the right to do so, that it is furnished to the husband of the wife, to be charged to her and upon her property, and has a right to file a lien to secure its payment.

The findings show that the plaintiff company, defendant in error, had no knowledge of any contract by and between Annie Bethell and her husband in relation to the erection of these improvements. The want of this knowledge continued until after the time had expired in which a sub-contractor's lien could have been filed against the property. It is true that a person dealing with an agent must at his peril know the rights of the agent in the premises, and if this contract had been

made with any person other than the husband, this lien could not be upheld, but as the husband under the law has the right to contract, this rule cannot be applied in this case. The parties can rely upon the presumption that they were not dealing with the husband as agent, but as owner under the statute. If the claim of the defendants can be upheld, then the way is left open for great wrongs and frauds to be perpetrated. A contract is entered into between husband and wife; no disclosure is made of the extent of that contract; material is furnished; afterward, when the time for filing a sub-contractor's lien has expired, a contract is produced under which the building was erected, the wife receiving the benefit of the transaction, and the husband and wife thereby defeating the lien law.

Plaintiff in error also insists that what purported to be a mechanics' lien was not sufficient as a statement under the mechanics'-lien law to establish a lien. In this we think the plaintiff is mistaken. It contained an itemized statement of account; this account shows that the material was charged to John Bethell, but it was shown that it was contracted for by John Bethell for his wife, and for the erection of these buildings on her property. The bare fact that after this contract was made the lumber was charged to John Bethell for convenience, was not material, and could not change its effect. The statement constituting the contract and the lien were all included in the affidavit, and plaintiff in error contends that because of this fact, that there was no lien. It does not to us seem material whether or not the facts alleged and set out, which if true, entitled the claimant to a lien, are set out in a statement by themselves, and an affidavit attached thereto, or whether all these facts are embraced in the affidavit itself.

Plaintiff in error also insists that as certain matters in said action had been referred to a referee, and his report filed, that no action could be had or findings made by the court until said findings and report of the referee had been set aside in some manner. In this we think the plaintiff is in error. Some questions of fact were referred to the referee; he made find-

ings on these questions and reported the same to the court; but it seems there was no action taken by either plaintiff or defendants looking toward a confirmation or setting aside of said report. It was abandoned for all the purposes of this trial, and no attention was paid thereto. It was tried upon every question of fact and submitted to the court as though no reference had ever been made. Under such circumstances, we think it is not material whether the report had been set aside or not. At best, the report of the referee was only to furnish information to the court. The court might regard it or disregard it, at its pleasure.

We are therefore of the opinion that no error was committed which is shown by the record. It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.