SHORT, APPELLANT, *v.* ESTEY ET AL., RESPONDENTS.

33 | 261
36 | 55

(No. 2,169.)

(Submitted November 9, 1905.  Decided November 24, 1905.)

*Equity—Jury Trial—Directing Verdict—Findings—Trustees—Deed Absolute.*

Equity—Jury Trial—District Courts—Directing Verdict.

1. Where the cause of action stated in the complaint is one of purely equitable cognizance, and no issue is presented which would entitle either of the parties to a jury trial, the court may direct the jury in attendance to return a verdict, even though the evidence be conflicting.

District Courts—Equity—Directing Verdict—Findings.

2. The rendition of a verdict by direction of the court, in an action involving questions of equitable cognizance, is equivalent to a finding of the court for the party in whose favor it was rendered.

Trustees—Deed Absolute—Evidence—Directing Verdict.

3. Plaintiff, in an action to obtain a decree declaring defendants trustees for him of the legal title to an undivided interest in a mining claim, and for an accounting, testified that he had conveyed his interest to defendants under a written agreement signed by one of the defendants to the effect that upon removal of his incapacity occasioned by over-indulgence in drink, the same be returned to him; and that defendants had accounted to him for the rents for a period of two years. The deed from plaintiff to defendants was duly acknowledged and recorded. The alleged agreement was in the handwriting of plaintiff, and neither acknowledged nor recorded. The defendants' evidence tended to show that they had bought the interest, giving in consideration $1,000 and a one-half interest in another mining claim; that plaintiff never demanded a reconveyance, or an accounting until shortly before the action was brought—a period of ten years, and that they had never accounted to plaintiff. *Held*, that the court was justified by the evidence in directing the jury to find for the defendants to the effect that the conveyance had been made in pursuance of an absolute sale for value.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Z. A. Short against John F. Estey et al. From a judgment in favor of defendants and an order denying him a new trial, plaintiff appeals. Affirmed.

*Messrs. Kirk & Clinton,* for Appellant.

The court erred in withdrawing the case from the jury. The evidence offered on behalf of plaintiff clearly showed a right in

him to recover, in the absence of anything to the contrary. It has been held time and again by the courts of this state and is no longer an open question that upon motion for a nonsuit or to direct a verdict, the testimony on behalf of the plaintiff shall be taken as true. (*Cain* v. *Gold Mt. M. Co.,* 27 Mont. 535, 71 Pac. 1004; *McKay* v. *Montana Union Ry. Co.,* 13 Mont. 17, 13 Pac. 999; *Creek* v. *McManus,* 13 Mont. 157, 32 Pac. 675; *Herbert* v. *King,* 1 Mont. 475; *Gans* v. *Woolfolk,* 2 Mont. 463; *Sayer* v. *Water Co.,* 15 Mont. 1, 37 Pac. 838; *Jensen* v. *Barbour,* 15 Mont. 582, 39 Pac. 906; *Mayer* v. *Carothers,* 14 Mont. 274, 36 Pac. 182.) In *Mayer* v. *Carothers,* last above cited, this court held that where an equitable defense is pleaded to an action of ejectment, and the court peremptorily directs the jury to find for the plaintiff, such direction is in effect a nonsuit of defendant's defense, and, therefore, whatever defendant's testimony tends to prove as to such defense must be taken as proved. If the testimony of the plaintiff Short be taken as true for the purposes of these motions, and it must be so taken under the decisions of this court, his right to recover is clearly shown, and the motion for directed verdicts should have been denied.

*Mr. W. F. Davis,* for Respondents Estey.

There is certainly a vast difference between the question of nonsuit or directed verdict in actions at law and the question of directed verdict in suits in equity. Bearing in mind that this is an equity case, it was in reality tried by the court as chancellor, the jury being merely advisory. As said by Mr. Spelling in his recent work on New Trial and Appellate Practice, "All trials in equity cases are by the court, whether a jury is interposed or not; and the verdict of the jury in an equity case, being advisory merely, does not constitute a decision until the same is adopted by the court." (1 Spelling on New Trial and Appellate Practice, p. 644, sec. 361.) The cases cited by appellant are inapplicable for the reason that they were actions at law to recover damages for personal injuries

and the like. (*Leggat* v. *Leggat,* 13 Mont. 190, 33 Pac. 5; *Kleinschmidt* v. *Greiser,* 14 Mont. 494, 43 Am. St. Rep. 652, 37 Pac. 5; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749.) Under the foregoing authorities, we submit that this court, in order to reverse the judgment and order appealed from, must find that ''as a matter of law'' the evidence in its entirety was such as to sustain a verdict for the plaintiff only, and that there was no evidence to sustain any other verdict. The record shows that there was not only a conflict in the evidence, but that it actually preponderated in favor of the defendants. Even in cases where the amount of evidence and the number of witnesses largely preponderate in favor of the party against whom findings or verdicts are returned in the trial court, reviewing courts do not for that reason alone reverse in such cases because of the presumption in favor of the findings or verdict, due to the presence of the witnesses in the trial court and the opportunity afforded for observing their character and demeanor. (*Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6, and cases therein cited.)

*Mr. J. L. Wines,* for Respondents Umhang, Smith and Capell.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain a decree declaring the defendants trustees for the plaintiff of the legal title of an undivided one-sixth interest in the Ramsdell quartz lode claim, situate in Butte, Silver Bow county, and directing a conveyance by them to him. An accounting is also demanded for the rent of the property during the time it has been occupied by the defendants.

The complaint alleges, in substance, that on January 1, 1893, the plaintiff was the owner of said interest and certain buildings upon the claim, and was in possession of the claim under an arrangement with his co-owners; that on that date he executed a deed to the defendant, John F. Estey, and delivered the possession to him, with the exception of one small cabin, which plain-

tiff retained; that though the deed was absolute in form and for a consideration stated therein, its purpose was to convey the title in trust for plaintiff, and was so accepted by Estey, as is witnessed by the following writing, executed by him at the same time and delivered to plaintiff: "This is to certify that for the sum of Five Thousand Dollars ($5,000.00), for which I have given my note, I have bought all of Z. A. Short's interests in the Ramsdell mining claim, formerly known as the Maude S., together with three houses. I agree not to dispose of any of the property in any manner but to take good care of it all. I will deed him back all of the said property at any time that he wants it, if he pays me for the brick house that I build on the ground or what it is worth at the time he buys it. I will also promptly refund to Z. A. Short all rents that I am allowed to collect, the use of ground to be compensation for services.

(Signed)   "JOHN F. ESTEY."

That thereafter said Estey entered into the possession of the premises and collected all rents for the same, fully accounting to plaintiff therefor until February 1, 1895; that he thereafter failed to account further, but converted the rents to his own use; that plaintiff prior to the bringing of this action demanded a reconveyance of the property and an accounting, offering at the same time to pay to plaintiff the price of the brick building referred to in the foregoing writing; that the other defendants claim some sort of separate interests in the premises, but that such interests, whatever they are, were obtained by them from Estey with full knowledge of plaintiff's rights and are therefore subject and subordinate to them.

The defendants Estey and wife admit that the property was conveyed to John F. Estey by the plaintiff, but allege that such conveyance was made to him in pursuance of an absolute sale to him by plaintiff for a valuable consideration, without condition or reservation, or any understanding or agreement on his part, that he was to reconvey at any time or account for the rents. They specifically deny the execution and delivery of the agreement set forth in the complaint, or any other agree-

ment at any time of like import. Each of the other defendants filed a separate answer, in which he claims as a purchaser of an interest either directly or by mesne conveyances, from Estey, and alleges that he purchased in good faith for value, without notice of plaintiff's equities, if any such there are. The plaintiff by replication denies all the affirmative allegations of the defendants.

The cause was tried by the court sitting with a jury. When the evidence had all been submitted, the defendants requested the court to direct the jury to render a verdict in their favor. This motion was sustained and the jury directed accordingly. Upon the verdict so rendered, judgment was rendered and entered for the defendants for their costs. Plaintiff has appealed from the judgment and an order denying him a new trial.

The first assignment is that the court erred in directing a verdict. Counsel for appellant invokes the rule that no case should ever be withdrawn from the jury, unless the conclusion necessarily follows, as a matter of law, that no recovery could be had upon any inference which could reasonably be drawn from the evidence submitted. He points out that upon the issues presented by the pleadings, there was a substantial conflict in the evidence, and insists that, such being the case, he was entitled as a matter of right to a finding thereon by the jury. This rule is applicable in all cases at law; for in such cases the weight of the evidence and the credibility of the witnesses are matters falling exclusively within the province of the jury. But this is not such a case. The cause of action stated in the complaint is one of purely equitable cognizance. There is no issue presented of such a character as would entitle any of the parties to a trial by jury, according to the usual course of law. The court, then, was not bound to call a jury; and, if it had submitted the case for findings, it would not have been bound by them. In such cases the findings may aid the conscience of the judge, but may not control his judgment. The findings and judgment are his. If, when the jury has made findings, the judge is not satisfied with them, he may disregard them and

so find as to satisfy his own conscience. Such being the case, the court may direct a verdict, even though the evidence be conflicting, as was done in *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749, where the questions involved were of equitable cognizance; for this direction to the jury is equivalent to a finding by the court in favor of the defendant. Whether the finding of the court in this case was erroneous depends, therefore, upon the evidence submitted, and whether it preponderates against the conclusion reached. (*Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; *Finlen* v. *Heinze et al.,* 32 Mont. 354, 80 Pac. 918.)

The court, in effect, found that the conveyance made to Estey was in pursuance of an absolute sale for value, without condition or reservation, and that the contract set out in the complaint was never executed and delivered as alleged by plaintiff. Not only does the evidence not preponderate against this finding, but it amply justifies it. The plaintiff himself was the only witness who testified on his behalf as to the facts surrounding the execution of the deed. He stated that he had become incapacitated by over-indulgence in drink, and, having confidence in the defendant, John F. Estey, desired him to take a conveyance of his interest in the claim until such time as he could resume control of it himself; that this defendant agreed to do so, and thereupon the deed and the agreement were executed. He further testified that the defendant assumed control of the property and collected the rents and accounted for them for about two years, but that he then refused to account further. The evidence on the part of the defendants tends strongly to show that Estey bought the interest, giving as a consideration for it $1,000 in money, part in cash and part on time, but afterward paid, and also a deed to an undivided one-half interest in another claim situate in the same vicinity which the defendant Estey then owned; that no other agreement was then or thereafter executed with reference to the matter; and that the plaintiff never, after the conveyance was executed and delivered, made any demand upon this defendant for a reconveyance or

for any accounting, until about the time the action was brought,—a period of about ten years. It further tends to show that the defendant Estey and his wife collected the rents for the property, but never made any accounting at any time to plaintiff for any part thereof or recognized that he had any interest in the property. The deed from the plaintiff to Estey was duly acknowledged and recorded. The agreement was neither acknowledged nor recorded. The only evidence introduced tending to show that it was ever made was the testimony of plaintiff supported by an alleged copy made in the handwriting of plaintiff, he claiming that the original had been lost. Under these circumstances, the finding of the court may not be disturbed.

Our conclusion upon this branch of the case renders it unnecessary to construe the writing and determine whether in· fact it amounts to a declaration of trust; for it is wholly immaterial what the character of the writing is, if, as the court found, defendant Estey never executed it. The same may be said of the question whether the plaintiff's cause of action is barred by the statute of limitations or laches.

The judgment and the order denying a new trial are affirmed.

*Affirmed.*

Mr. Justice Milburn and Mr. Justice Holloway concur.