,WERTZ, Appellant, *v.* LAMB et al., Respondents.

(No. 2,965.)

(Submitted June 9, 1911. Decided June 22, 1911.)

[117 Pac. 89.]

*Mechanics' Liens—Foreclosure—Personal Judgment, When— Variance—Estoppel—Notice of Lien—Sufficiency—Complaint —Supreme Court—Reversal—Final Judgment—When Improper.*

Mechanics' Liens—Relief—Personal Judgment, When.
    1. Though plaintiff in an action to foreclose a mechanic's lien fails to establish the lien, he may, if his complaint states a cause of action for money due, have a personal judgment in the same action against the person liable for the material furnished or work or labor done.

Same—Variance—Admissions—Estoppel.

2. Where two defendants in an action to foreclose a mechanic's lien alleged affirmatively in their counterclaim that they had employed plaintiff to do the work described in his complaint, thus admitting that the contract was made by both, they were bound by the position assumed in their pleading and therefore estopped to claim that there was a fatal variance between the allegation of the complaint that the contract was made with both defendants, and his proof which showed an agreement with one of them only.

Trial—Joint Motions—Effect of Error as to One Party.

3. A party defendant who joins with his codefendants in a motion for nonsuit on a ground which the latter were estopped to assert must abide by the consequences of a reversal of the judgment because of error in granting the motion as to them.

Variance—When Immaterial.

4. If plaintiff's proof follows substantially the allegations of his complaint, a slight, technical variance is immaterial.

Mechanics' Liens—Notice—Sufficiency.

5. Under the rule that it is sufficient if the statute giving the right to a mechanic's lien be complied with substantially by the lien claimant, a notice of lien which stated that a certain sum was due the lienor "after allowing *just* credits and offsets," instead of using the words of the statute (Rev. Codes, sec. 7291), *i. e.*, "after allowing *all* credits," *held* sufficient.

Same—Form—Statute—Substantial Compliance Sufficient.

6. A mechanic's lien was not void merely because the paper was in form an affidavit, with an itemized statement attached, instead of consisting of a statement of the account and a description of the property, followed by an affidavit. The method pursued was in substantial compliance with the requirements of section 7291, Revised Codes, and therefore sufficient.

Same—Introduction of Lien in Evidence—When Unnecessary.

7. A party is required to prove only matters in issue; hence where defendants admitted that plaintiff had perfected and filed "the alleged lien mentioned in plaintiff's complaint," the paper was before the court, and it was therefore not necessary to formally introduce it in evidence.

Same—Complaint—Reference to Copy of Lien Attached to—Sufficiency.

8. Where a mechanic's lien is itself sufficient, a reference to a copy of it as attached to, and made a part of the complaint, meets the requirement that plaintiff in an action to foreclose such a lien must allege that he has complied with the provisions of section 7291, Revised Codes.

Same—Complaint—Sufficiency.

9. The allegation in plaintiff's complaint that he completed his work on August 7, 1909, and filed his lien on August 14th of the same year, was itself sufficient to show that the lien was filed within ninety days after the work was done.

Actions—Policy of Law.

10. It is not the policy of the law to require two actions to be prosecuted where one will afford the same relief.

Mechanics' Liens—Foreclosure—Nature of Proceeding—Supreme Court—Final Judgment—When Improper.

11. The procedure for the foreclosure of a mechanic's lien being neither strictly at law nor in equity, but a blending of both, the supreme court on appeal in such a cause may not enter a judgment finally disposing of it, under *State ex rel. La France Copper Co.* v. *District Court*, 40 Mont. 206, 105 Pac. 721, or section 6253, Revised Codes, where certain issues of fact raised by the pleadings were never fully tried in the district court.

*Appeal from District Court, Gallatin County; Sydney Fox, a Judge of the Thirteenth Judicial District, presiding.*

Suit by C. F. Wertz against W. W. Lamb and others to establish a mechanic's lien. From a judgment of nonsuit and an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Messrs. Hartman & Hartman,* and *Mr. F. H. Mehlberg,* submitted a brief in behalf of Appellant. *Mr. Walter Hartman* argued the cause orally.

*Mr. B. B. Law,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $157.70 and costs, and to establish and foreclose a mechanic's lien. The complaint alleges that in June, 1909, the plaintiff entered into a contract with the defendants W. W. Lamb and Roama M. Lamb, by the terms of which he agreed to furnish materials and do work for which the defendants Lamb agreed to pay him certain prices aggregating $157.70; that plaintiff fully performed his part of the contract, completing the work on August 7, 1909; that defendants have failed and refused to pay him any sum whatever; and that on August 14, 1909, he filed for record his claim for a lien. A copy of the lien is attached to and made a part of the complaint by reference. The complaint also contains a description of the property sought to be charged, and it is alleged that, while the defendant McDonald has some interest in the property, the real owners are the defendants W. W. Lamb and Roama M. Lamb. A joint answer was filed by the defendants, which admits the ownership of the property to be in the defendants Lamb, and admits the filing of plaintiff's lien on August 14, 1909. There is an affirmative defense by all of the defendants and a counterclaim by defendants W. W. and Roama M. Lamb. The

cause was tried to the court without a jury. At the conclusion of plaintiff's case, the defendants by a joint motion moved for a nonsuit, specifying several different grounds. The motion was sustained and a judgment rendered and entered that plaintiff take nothing, and that defendants recover their costs. From that judgment and an order denying his motion for a new trial, the plaintiff appealed.

1. Upon the assumption that the lien itself is invalid, the judgment is nevertheless erroneous; for the plaintiff was *prima* [1] *facie* entitled to a personal judgment against W. W. Lamb and Roama M. Lamb, if his complaint states a cause of action for money due, and the proof sustained it. In *Western Plumbing Co.* v. *Fried,* 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394, we reviewed the former decisions of this court, and held that, even though the plaintiff fails to establish his lien, he may still have a personal judgment *in the same action* against the person liable for the material furnished or work or labor done. The complaint in this instance clearly states facts sufficient to constitute a cause of action for money due, and there is not any contention made that it does not; but it is insisted that there is a fatal variance between the allegations of the complaint and the proof, in these two particulars: (1) Plaintiff "alleged a contract with W. W. Lamb and Roama M. Lamb, and submitted his proof showing only an agreement with W. W. Lamb." (2) Plaintiff "alleged a contract showing an agreement to do a good ordinary job, and his testimony shows that he agreed to do a good job."

In their counterclaim the defendants W. W. Lamb and Roama M. Lamb allege affirmatively that they employed plaintiff to do the work described in the complaint, and, having thus admitted [2] that the contract was made by both, they cannot now be heard to say that it was not, or that there is a material variance between the plaintiff's pleading and the proof in this respect. The defendants W. W. Lamb and Roama M. Lamb are bound by the position which they assumed in their pleading; and [3] defendant McDonald, having joined with them in the motion for nonsuit, will suffer with them, if the order was erro-

neous as to any of them. (*Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994.)

The plaintiff alleges that he was employed to do "a good, ordinary job." The evidence tends to show that he was to do an "ordinary job," or "a good job," or "ordinary, just a good job." Section 6585, Revised Codes, provides: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." We do not think there is a court in the land which would hold [4] that the slight, technical variance above is material. The proof follows the pleading substantially, and this appears to be all that is required. (*Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837; *Yancey* v. *Northern Pacific Ry. Co.,* 42 Mont. 342, 112 Pac. 533; *Barrett-Hicks Co.* v. *Glas,* 14 Cal. App. 289, 111 Pac. 760.) The plaintiff having shown *prima facie* that he is entitled to a personal judgment in this action, the judgment denying him any relief whatever is erroneous and must be reversed.

2. The lien which is attached to the complaint does not follow the exact terms of the statute. Section 7291, Revised Codes, provides that the lien claimant must file with the county clerk "a just and true account of the amount due him, after allowing all credits," *etc.* The notice of lien in this instance states: "That there is due and owing to said C. F. Wertz from W. W. Lamb and Roama M. Lamb, husband and wife, of Bozeman, Montana, after allowing just credits and offsets, the sum of one hundred and fifty-seven and 70/100 (157.70) dollars." It [5] will be observed that the word "all" before the word "credits" in the statute is omitted in this lien notice, and the word "just" inserted in lieu thereof. The right to a lien is given by statute, and the statute must be complied with substantially in order that the lien may be created. (*McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428.) Our present Code provision is substantially the same as section 6, Chapter 40, page 510, of the Laws of 1871–72, and in *Black* v. *Appolonio,* 1 Mont.

342, this court in construing that section said: "It appears to us that all our statute requires is that a person wishing to avail himself of the benefits of it should honestly state his account"; and this has been accepted as a correct interpretation ever since. (*Western Iron Works* v. *Montana P. & P. Co.,* 30 Mont. 550, 77 Pac. 413; *Mills* v. *Olsen,* 43 Mont. 29, 115 Pac. 33.)

As disclosed by the remarks made at the time the nonsuit was granted, the trial judge apparently entertained the idea that the lien notice must have attached to it a verification, in form similar to that required for pleadings. In this instance the [6] entire lien is in form an affidavit, with an itemized statement attached. Section 7291 above provides that the lien shall be "verified by affidavit." The word "verified" means to confirm by oath. (Anderson's Law Dictionary.) "An affidavit is a written declaration under oath." (Rev. Codes, sec. 7988.) In *Western Plumbing Co.* v. *Fried,* above, this court said: "The statute provides that the lien is made up of, first, the account; second, the description of the property; and, third, the affidavit." But this language was employed in speaking of matters of substance, and not of form. In *Bethell* v. *Chicago Lumber Co.,* 39 Kan. 230, 17 Pac. 813, the statute considered provided: "Any person claiming a lien as aforesaid, shall file in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed, * * * verified by affidavit." And the court said: "The statement constituting the contract and the lien were all included in the affidavit; and the plaintiff in error contends that because of this fact there was no lien. It does not to us seem material whether or not the facts alleged and set out, which, if true, entitled the claimant to a lien, are set out in a statement by themselves, and an affidavit attached thereto, or whether all these facts are embraced in the affidavit itself." Substantially the same doctrine is announced in Boisot on Mechanics' Liens, sec. 450; Rockel on Mechanics' Liens, sec. 81; Bender-Moss on Law of Mechanics' Liens, sec. 410; *Kezartee* v. *Marks & Co.,* 15 Or. 529, 16 Pac. 407; *Parke & Lacy Co.* v. *Inter Nos O. & D. Co.,* 147 Cal. 490, 82 Pac. 51; *Turner* v. *St. John,* 8 N. D. 245, 78 N.

W. 340. The lien must comply substantially with the require-
ments of the statute; but it is not necessary that the exact words
of the statute should be used. Certainty to a common intent is
sufficient. (27 Cyc. 152, 153.)

Plaintiff's lien is made up of an account and a description of
the property, contained in a paper which is itself an affidavit,
and, since our statute does not require that any particular form
be observed, we think it is a sufficient compliance with, and meets
fully the demands of, the Code as determined in *Western Plumb-
ing Co.* v. *Fried,* above.

3. Objection is made by respondent that the lien was not
[7] introduced in evidence. A copy of the lien was attached to
the complaint and by reference made a part of it. The answer
admits that, "on or about the fourteenth day of August, 1909,
the plaintiff perfected and filed the alleged lien mentioned in
plaintiff's complaint upon the building and land therein de-
scribed." The lien was therefore before the court, and it was
not necessary that it be separately introduced in evidence. A
party is required to prove only matters in issue. There was not
any issue made by the pleadings in this case which the lien, if
introduced, would have tended to prove.

4. In *McGlauflin* v. *Wormser,* above, this court held that the
plaintiff, in an action to foreclose a mechanic's lien, must allege
[8] and prove that he has complied with the requirements of
the Code (sec. 7291, above; Code Civ. Proc. 1895, sec. 2130).
In the present instance the complaint alleges: "That on the
fourteenth day of August, 1909, the plaintiff, for the purpose
of securing and perfecting a lien for the moneys due him as
aforesaid, under said contract upon the building and land herein-
before described under the provisions of the laws of the state of
Montana, filed for record in the office of the county clerk and
recorder of Gallatin county, Montana, his claim for the amount
so due him, duly verified as required by law, a copy of which lien
is hereto attached and marked, 'Exhibit B,' and the same is made
a part of this amended complaint." If the lien is sufficient, a
reference to it in the complaint to which it is attached is likewise
sufficient for the purpose of showing compliance with the statu-

tory provisions. (27 Cyc. 387, and note; *Matthiesen* v. *Arata,* 32 Or. 342, 67 Am. St. Rep. 535, 50 Pac. 1015.)

5. The complaint alleges that the plaintiff completed his work [9] on or about August 7, 1909, and that his lien was filed on August 14, 1909. This is a sufficient allegation that the lien was filed within ninety days after the materials were furnished and the work done. (*Rust-Owen Lumber Co.* v. *Fitch,* 3 S. D. 213, 52 N. W. 879; 27 Cyc. 369.)

6. Counsel for respondents in his brief says: "We therefore respectfully submit that the judgment of the district court should be affirmed, and that the plaintiff should be permitted to proceed against the defendants for a personal judgment, if. he has any right of action at all." But it is impossible for the plaintiff to proceed at all in this action, if the judgment be affirmed, for he is confronted by the judgment, which recites that he is not entitled to any relief whatever. If he is entitled to a personal judgment, he is entitled to it *in this action,* not in some other action which he might commence. It is never the policy of [10] the law to require two actions to be prosecuted where one will afford the same relief; and even if plaintiff commenced an action, he might be met with this judgment, pleaded in bar of his right to recover.

7. Counsel for appellant urge that this court should direct the [11] foreclosure of plaintiff's lien, citing the principle announced by this court in actions at law (*State ex rel. La France Copper Co.* v. *District Court,* 40 Mont. 206, 105 Pac. 721; *Gregory* v. *Chicago etc. Ry. Co.,* 42 Mont. 551, 113 Pac. 1123), and in suits in equity (*Short* v. *Estey,* 33 Mont. 261, 83 Pac. 479). The Code declares that in equity cases this court shall, on appeal, determine the controversy, "unless for good cause a new trial or the taking of further evidence in the court below be ordered." (Revised Codes, sec. 6253.) In actions at law, where plaintiff should have been nonsuited or a directed verdict for defendant should have been ordered, and the proper motion was made and denied, this court will generally direct final disposition of the cause. (*State ex rel. La France Copper Co.* v. *District Court,* above.) The present case does not fall within

either rule, and the circumstances do not warrant the application of either rule. The procedure for the foreclosure of a claim secured by a mechanic's lien, under our Code, is *sui generis;* it is neither strictly at law nor in equity, but it is a blending of both. (*Mochon* v. *Sullivan,* 1 Mont. 470.) In so far as the entry of a personal judgment upon the failure of the lien is authorized, the procedure is at law; while the foreclosure of the lien is governed by the rules of equity. Much confusion would be avoided in actions of this character if the question of indebtedness was first tried as an ordinary action at law, and, if anything is found to be due to the lien claimant, then proceed as in equity.

The pleadings in this action raise an issue as to whether there is in fact anything due to the plaintiff, and also an issue as to whether defendants Lamb are entitled to recover on their counterclaim. Neither of these issues has ever been fully tried.

The order granting the nonsuit and the judgment denying plaintiff any relief were entered erroneously, and for these errors the judgment and order denying a new trial are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.