ROGERS-TEMPLETON LUMBER CO., APPELLANT, *v.*
WELCH ET AL., RESPONDENTS.

(No. 4,032.)

(Submitted September 16, 1919.   Decided October 17, 1919.)

[184 Pac. 838.]

*Mechanics and Materialmen's Liens — Notices — Sufficiency—*
*Foreclosure—Burden of Proof—Statute—Liberal Construc-*
*tion—Presumptions.*

Materialman's Lien—Notice—Sufficiency.
 1. *Held,* that a materialman's lien notice, accompanied by an affi-
davit reciting that affiant was assistant secretary of plaintiff lumber
company; that the statement of account of the materials furnished
was a just and true account, that they were furnished and delivered
for the purpose of being used in a building, describing it and the
property to be charged with the lien, and that all the facts stated
in the notice are true, was sufficient and its exclusion from evidence,
in an action to foreclose the lien, prejudicial error.

   [As to liens of materialmen, see note in 79 **Am. Dec.** 268.]

Same—Valid Notice—*Prima Facie* Evidence of What.
 2. Where the provisions of section 7291, Revised Codes, have been
scrupulously followed, the lien notice must be regarded as showing,
*prima facie,* that a valid materialman's lien was filed.

Same—Findings of Fact to be in Writing.
 3. For failure of the district court to make written findings in an
action to foreclose a materialman's lien, the cause will be remanded
for further proceedings.

Account, Action on—Open Account—Account Stated—Evidence.
 4. Evidence showing an account stated is sufficient to support a cause
of action on an open account.

Materialman's Lien—One or More Contracts—Jury Question.
 5. The question, presented in an action to foreclose a materialman's
lien, whether materials were furnished under one general contract or
under separate contracts, was one of fact.

Same—Adjustment of Account Between Parties—Effect on Lien.
 6. The fact that the parties to an action to foreclose a material-
man's lien converted an open account into an account stated, did
not change the nature of the claim, destroy the lien nor warrant
the trial court in striking out all evidence relating to the lien claimed.

Same—*Prima Facie* Case—Burden of Proof.
 7. Plaintiff in an action to foreclose a materialman's lien, having
shown that he furnished the materials in question and that they were
used for the enhancement of the property described in his notice of
lien, the burden thereupon shifted to the owner to introduce evidence
to rebut the *prima facie* case thus made.

   **56 Mont.—21**

Same—Statute—Liberal Construction.
> 8. In so far as the granting of a materialman's or mechanic's lien is concerned, the statute is remedial in character and must be liberally construed.

Same—Furnishing of Materials—Presumptions.
> 9. Where building materials were delivered in pursuance of a contract for use in a proposed building, and the building was completed, the presumption obtains, in the absence of evidence to the contrary, that they did in fact go into the building.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by the Rogers-Templeton Lumber Company against W. D. Welch, doing business under the firm name and style of W. D. Welch & Co., and others. From a judgment in its favor for only part of the relief demanded, plaintiff appeals. Reversed and remanded.

*Mr. Fletcher Maddox* and *Mr. I. W. Church,* for Appellant, submitted a brief; *Mr. Maddox* argued the cause orally.

, *Mr. O. W. Belden* and *Messrs. McKenzie & McKenzie,* for Respondents, submitted a brief; *Mr. Belden* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

Action to foreclose a mechanic's lien for materials alleged to have been furnished and used in the construction of a store building upon lots 17 and 18, in the town of Geraldine, Chouteau County, Montana.

The complaint alleges the purchase, by defendant Welch, of materials for use in the construction of said store building of the value of $2,661.91; that the items so furnished and used constituted an open account between the plaintiff and defendant Welch from the second day of August, 1914, to the sixteenth day of January, 1915, inclusive; that said amount is still due and unpaid; that a mechanic's lien covering all of said items was filed within 90 days after the date of the furnishing of the last item thereof; and that the defendants, other than Welch, claim

some interest in the property involved, as attaching creditors or encumbrancers. The answer of Welch consists of general denials, and affirmative matter to the effect that on or about August 1, 1914, an agreement was entered into between plaintiff and himself to furnish material to build the store building described in the complaint, "for a stated sum"; that the last item thereof was delivered October 10, and no material was furnished by plaintiff under that agreement after said last-named date; that thereafter, on or about October 15, 1914, said account was closed, and plaintiff and Welch "then and there had an accounting and settlement between them for said materials, and said account was then and there settled, allowed," and agreed to as being due from defendant for said material.

Defendants Gies, Flanagan, McKenzie, and Belden filed a separate answer, consisting of general denials and an assignment to them as trustees for the benefit of creditors. The plaintiff filed replies, denying all of the affirmative allegations contained in the answers. The cause was tried to the court without a jury.

At the trial, plaintiff offered in evidence the notice of lien to which was attached a statement of account containing the items upon which the lien is based. To its receipt in evidence the defendants objected upon the ground that it was a statement made by G. W. Bulmer, assistant secretary of the plaintiff company; that it did not state that the same was made for plaintiff; that it did not contain a statement "that the matters set forth in the account, and the description of the property, are true; that it recites that all the facts that are stated in the notice and in the statement are true; but it does not state that the matters stated in the lien are true as required by law." This objection, when made, was overruled; but the lien finally was stricken out, on motion of defendants, upon the ground that it was not verified in accordance with the statute, and that it was "not shown by competent proof" that "any of the items mentioned in the lien as having been furnished in the months of December and January entered into and became part of the con-

struction of the building against which the lien is claimed.''
Plaintiff, at the same time, moved the court to strike out ''all
the evidence introduced under the new matter pleaded in the
answer as defense, alleging an account stated as of October 10,
1914.'' A stipulation was entered of record ''between counsel
and the court'' that the motions might be passed upon at the
time of the rendition of the final decision by the court. Writ-
ten requests for findings were also presented to the court for
adoption. In the final judgment, plaintiff's motion to exclude
all evidence in support of the new matter contained in defend-
ants' answers was granted, as well as defendants' motion to
''strike the lien from the record.'' The court found in favor
of the plaintiff and against defendant Welch for the full amount
claimed in the complaint, and entered judgment accordingly.
The appeal is from the judgment.

Upon this record we are to review the proceedings had in
the court below resulting in the judgment appealed from. Ap-
pellant asserts that twelve errors were committed by the trial
court, culminating in the exclusion of plaintiff's lien claim.
If the rejection of plaintiff's claim of lien was error, the other
specifications need not be noticed.

In ruling as it did, the trial court doubtless had in mind the
rule of construction several times applied by this court to sec-
tion 7291 of the Revised Codes, to the effect that, in the pursuit
of its purely statutory benefits, the various steps necessary to
secure and perfect the lien are indispensable. (*Wertz* v. *Lamb,*
43 Mont. 477, 117 Pac. 89; *Crane & Ordway Co.* v. *Baatz,* 53
Mont. 438, 164 Pac. 533.) Is the lien notice deficient or de-
fective? We think not. The statements in the affidavit are in
full accord with the requirements of section 7291, and evince a
faithful adherence to all its commands.

Respondents' counsel, in their brief, however, say they are
[1] unable to distinguish any difference between the affidavit,
which was obviously made on information and belief, and an
affidavit that recites that it was so made, citing *Western Plumb-
ing Co.* v. *Fried,* 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394.

In that case, the affidavit merely stated: That affiant "is president of the [plaintiff] company,   *   *   *   and as such makes this affidavit; that he has read the foregoing claim of lien, knows the contents thereof; and that the matters and things therein stated are true, to the best of his knowledge, information, and belief." Of that affidavit, Mr. Justice Holloway, speaking for this court, said: "The statute provides that the lien is made up of: First, the account; second, the description of the property; and, third, the affidavit. The account is required to be a just and true one, showing the amount due the claimant after allowing all credits, and there must be a correct description of the property to be charged with the lien.   *   *   *   Therefore, if there was no affidavit attached to the account and description, there was in fact no lien, and the court properly excluded the pretended one offered in evidence." Indeed, we may here add the suggestion that an affidavit so worded is in no sense equivalent to a declaration under oath that the matter contained therein is true.

In the affidavit before us, Bulmer swears positively that he is assistant secretary of the plaintiff corporation; that the statement of account of the lumber and materials is a just and true account, and that they were furnished and delivered for the purpose of being used in the building in question; that the notice contains a correct description of the property to be charged with said lien; and that all the facts therein stated are true. What more than a literal compliance with the statute could be demanded? Certainly, it is not to be presumed that perjury has been committed in its making. In that respect, however, the rights of the owner are effectively safeguarded by the pains and penalties the perjury statute imposes upon those who violate its provisions. As was said by Mr. Justice Sanner, in *Crane & Ordway Co.* v. *Baatz, supra:* "The account must be a just and true one, 'after allowing all credits,' and must be verified as such. The purpose of the affidavit is clear enough. It is not merely to entitle the lien claim to record, but to furnish a sanc-

tion for it in such an oath as will subject the affiant to punish-ment for perjury if it be false in material particulars.''

The statute having been scrupulously followed, the paper in
[2] question is to be regarded as showing *prima facie* that a valid lien was filed. As was said by Mr. Justice Holloway, in *Wertz* v. *Lamb, supra:* ''Our present Code provision is substan-tially the same as section 6, Chap. 40, p. 510, of the Laws of 1871-72, and in *Black* v. *Appolonio,* 1 Mont. 342, this court in construing that section said: 'It appears to us that all our stat-ute requires is that a person wishing to avail himself of the benefits of it should honestly state his account.' And this has been accepted as a correct interpretation ever since. *Western Iron Works* v. *Montana P. & P. Co.,* 30 Mont. 550, 77 Pac. 413; *Mills* v. *Olsen,* 43 Mont. 29, 115 Pac. 33.'' (See, also, *McIntyre* v. *MacGinniss,* 41 Mont. 87, 98, 137 Am. St. Rep. 701, 108 Pac. 353.)

Plaintiff's claim of lien was therefore improperly excluded.

For another reason this case must be remanded for further
[3] proceedings. Section 6763, Revised Codes, provides as fol-lows: ''Upon a trial of a question of fact by the court, its deci-sion or findings must be given in writing and filed with the clerk within twenty days after the case is submitted for decision.''

The statement on appeal shows that the cause came on for trial on July 6, 1915; requests for findings filed on August 30; 1915; and judgment rendered and entered November 28, 1916. No findings, however, are to be found in the record. The re-marks of this court, in *City of Helena* v. *Hale,* 38 Mont. on page 484, 100 Pac. on page 612, are pertinent here: ''But it is con-tended that this is a case of defective findings, and counsel cites the case of *Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6. In that case, Mr. Chief Justice Brantly said: 'There is in the record no bill of exceptions showing that the defendant, at the close of the evidence and argument in the cause, made written request for findings upon the subject of recrimination, *or any other issue.'* But we regard this as a case of total lack of findings, rather than defective findings. The findings, if there are any,

are so lacking in substance as to be no findings at all. The defendant properly requested general findings. (Rev. Codes, secs. 6763, 6764, 6766.) It then became the duty of the court to make findings." Indeed, the trial was not completed until this requirement had been fully met.

The respondents seriously contend that the court erred in striking out all the evidence given in support of the new matter set forth in their answers. The complaint states a cause of action upon an open and running account, and plaintiff founds its cause upon that theory. The answers of defendants are framed upon the theory that the materials were sold under two or three separate and distinct contracts.

Respondents, in their brief, insist that "Exhibit 1, an itemized statement of account running from July 24 to October 10, 1914, became an account stated for said amount and that the account between plaintiff and Welch was no longer an open account. * * * That to the extent of $1,600 plaintiff's right to a lien is foreclosed by limitation of time, since the right accrued obviously not later than November 3, when the last of the items of August 17 were delivered. * * * That all of the items shown on the lien that appeared in the statement under date of October 10 were likewise foreclosed by reason of the plaintiff's failure to file the lien."

Upon these conflicting theories the case was tried. In any view to be taken of the matter, the testimony was all material and pertinent under the issues made by the pleadings. If the item of $1,600 constituted a separate and independent account, and the lien was not filed within 90 days after the last item was furnished, the lien claim was imperfect to that extent. But that did not warrant the court in striking out all the testimony in support of the new matter set up in the defendant's answers, nor justify its refusal to consider and give effect to testimony concerning the furnishing and delivery of materials which went into the building with a view to its completion, occupancy, and use for the purposes for which it was constructed. It is in evidence that the statement containing the $1,600 item was deliv-

ered to Welch about November 4, at which time he stated he would look it over; that he knew what it was; and that he did look it over "a few days after that, or a couple of weeks." The evidence also shows that those items were carried forward in monthly statements of account, together with other materials furnished for use in the construction of the building, up to December 29, and at the end of each month presented to Welch, without objection on his part, so far as the record discloses.

As said by Mr. Chief Justice Brantly, in *Roy* v. *King's Es-* **[4]** *tate,* 55 Mont. 567, 573, 179 Pac. 821: "Evidence showing an account stated is sufficient to support a cause of action on an open account. (1 Cyc. 485, and cases cited in note.)"

"The question whether the materials furnished and labor per- **[5]** formed were under one general contract or under separate contracts was one of fact." (*Western Iron Works* v. *Montana P. & P. Co.,* 30 Mont. 550, 77 Pac. 417; *Helena Steam-Heating & Supply Co.* v. *Wells,* 16 Mont. 65, 40 Pac. 78; *Perkins* v. *Boyd,* 16 Colo. App. 266, 65 Pac. 350; 27 Cyc. 328.)

The supreme court of Minnesota, in *Dennis* v. *Smith,* 38 Minn. **[6]** 496, 38 N. W. 696, has this to say upon the question: "There is nothing in the point that the parties have converted the open account into an account stated. This does not change the nature of the claim, but, like the giving of a note, is a mere adjustment of the amount due." (See, also, *Treusch* v. *Shryock,* 51 Md. 162.)

In *Missoula Mercantile Co.* v. *O'Donnell,* 24 Mont. 65, 72, 60 Pac. 594, 596, this court said: "The burden is upon the plaintiff to establish his lien (Boisot, Mech. Liens, sec. 618), and, to support this burden, he must show, not only that he **[7]** furnished the materials, but also that they were used for the enhancement of the property to which he claims he has a right to resort as security for the debt thus created. In the absence of this showing, his equity does not arise. (*Silvester* v. *Mine Co.,* 80 Cal. 510, 22 Pac. 217; *Weir* v. *Barnes,* 38 Neb. 875, 57 N. W. 750; *Chapin* v. *Paper Works,* 30 Conn. 461 [79 Am. Dec. 263]; *Hunter* v. *Blanchard,* 18 Ill. 318; *Taggard* v.

*Buckmore,* 42 Me. 77; *Schulenberg* v. *Prairie Home Institute Co.,* 65 Mo. 295.)   This is evidently the meaning of the statute (section 2130 of the Code of Civil Procedure).''   The burden, then, is placed upon the owner to introduce evidence to rebut **[8]**   the *prima facie* case thus made.   In so far as granting the lien is concerned, the statute is remedial in character and to be liberally construed.   (*Western Iron Works* v. *Montana P. Co., supra; Crane & Ordway Co.* v. *Baatz, supra.*)

The only remaining question arises upon the contention that there was a failure to prove that all the materials furnished by plaintiff and included in its claim went into the construction of the building.   The testimony was sufficient, in our opinion, to make a *prima facie* case of delivery and use in the construction of the building in question.   A materialman is not obliged **[9]**   to stand by and watch the progress of a structure to see that every piece of lumber and other material supplied by him is used, before he can make the required affidavit.   To so hold would render the mechanic's lien law more of a burden than a benefit.   When materials for use in a proposed building are contracted for, if they are delivered in pursuance of such contract, and the building is completed, it is fair to conclude, in the absence of evidence to the contrary, that such materials did, in fact, go into the building.   (*Greenway* v. *Turner,* 4 Md. 296; *Maryland Brick Co.* v. *Spilman,* 76 Md. 337, 35 Am. St. Rep. 431, 17 L. R. A. 599, 25 Atl. 297; *Union Trust Co.* v. *Casserly,* 127 Mich. 183, 86 N. W. 545; Phillips on Mechanics' Liens, sec. 229.)

The evidence is conflicting concerning the delivery of some of the materials incorporated in the lien claim, as to when they were furnished, as to whether or not they were lienable articles and tended to enhance the value of the property, and as to whether they were all furnished under an open and running account or under one general contract.   These were all questions of fact upon which the court should have made written findings.   Having failed to do so, the judgment must be re-

versed, with directions to proceed according to the views herein expressed.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Hollo-way and Hurly concur.