McABOY, RESPONDENT, v. JUNK, APPELLANT.

(No. 5,220.)

(Submitted June 4, 1923. Decided July 9, 1923.)

[216 Pac. 1111.]

*Mechanics' Liens—Complaint—Statement of Account—Sufficiency—Judgment—Appeal and Error—Costs—Absence of · Service of Memorandum—Bill of Exceptions.*

Mechanics' Liens—Identification of Property—Complaint—Sufficiency.
  1.  In a suit to foreclose a mechanic's lien, allegations in the complaint that defendant was the reputed and record owner of the "property" and that materials and labor furnished entered into "improvement and maintenance of that certain building occupied as a dwelling and lodging house at 10–12 G Street," aided by defendant's admission in her answer that "she is the owner of the real property at Nos. 10–12 G Street," sufficiently identified the property sought to be charged.

Same—Validity of Lien for Work Done After Date of Account.
  2.  Where work was done between July 22 and November 17 of a given year, the fact that an item dated October 16 without stating the year did not deprive the claimant of a lien for anything done after October 6, the date on which the lien statement was filed, the evidence showing that the labor was performed on the dates above mentioned.

Same—Lien Statement—Minute Particulars not Required.
  3.  Items in a plumber's mechanic's lien statement, "freight and drayage," "helper's time" and "fitter's time," were not fatally defective because neither the names of the persons doing the work, the number of days each worked nor the dates were given, it not being necessary that the items of the account descend to minute particulars.

Same—Judgment—Error in Incorporating Proposed Findings of Counsel Instead of Court's Findings.
  4.  Where proposed findings of counsel were inadvertently incorporated in the judgment in a mechanic's lien foreclosure action, the cause will be remanded with directions to enter judgment in accordance with the court's findings and conclusions.

Appeal and Error—Costs—Allowance Without Service of Memorandum—Review—Bill of Exceptions Required.
  5.  Where costs were allowed plaintiff without service on defendant of the memorandum required by section 9803, Revised Codes of 1921, error in this regard cannot be reviewed in the absence of a bill of exceptions preserving the proceedings.

*Appeal from District Court, Silver Bow County; Jos. R. Jackson, Judge.*

Action by Charles McAboy against Mrs. Peter Junk. Judgment for plaintiff and defendant appeals. Remanded, with directions.

*Mr. N. A. Rotering,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Sydney Sanner* and *Mr. T. J. Davis,* for Respondent, submitted a brief; *Mr. Sanner* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint alleges that between July 22, 1920, and November 17, 1920, the plaintiff furnished plumbing, heating and furnace materials and performed labor upon property described therein of which the defendant was the reputed and record owner, of the reasonable value of $823.27, all of which she has failed and refused to pay; that within ninety days after furnishing the last item of the materials and doing the last piece of work, he filed with the clerk and recorder of Silver Bow county a verified notice and claim of lien, "containing a just and true account of the amount then due, after allowing all credits, and containing a correct description of the property to be charged with such lien." The prayer is for judgment that the lien be foreclosed, the property sold and out of the proceeds of sale the lien be paid and discharged.

The answer admits that the defendant "is the owner of the real property at Nos. 10–12 East Gagnon Street" described; that the plaintiff in 1920 agreed to repair the furnace; that no payments have been made on the lien; and that some paper was filed in the office of the county clerk. Affirmatively, and by way of counterclaim, defendant alleges that she owns the property and that it is commonly known and designated as the "Gagnon House"; that in the summer of 1920 two sections of the furnace "needed some repairing"; that plaintiff agreed to repair it and to cause it to become serviceable; that the work required thereon was "principally welding certain

parts''; that between the dates alleged in the complaint "the plaintiff caused some repair work to be done'' on the furnace, but that it was done "so unskillfully, carelessly and negligently'' that plaintiff caused one of the sections of the furnace to be broken, which made it leak so that it could not be used; that plaintiff refused to replace "the broken section'' or to repair it, and in November, when he announced that he had finished the work, the "furnace leaked so badly that no fire could be kept in it''; that when plaintiff declined to do any further work on the furnace, "it was in much worse condition than when he began working on it''; that the "broken section and base were caused by the negligent and careless work of the plaintiff''; that she repeatedly made demand upon plaintiff to complete his agreement and repair the damage done by him, but that he refused to "make any repairs upon the portion of the furnace damaged by him'' and refused to perform his part of the agreement; that in February, 1921, because thereof she was obliged to put in a new furnace at a cost of $1,200; that in order to place the premises in condition so that business could again be conducted therein, defendant was compelled to expend $1,200; that as a result of plaintiff's failure, refusal and neglect to perform his contract the defendant was unable to keep the Gagnon House warm during the winter of 1920 until the —— day of February, 1921, and by reason thereof all of her roomers and tenants left the Gagnon House, to her damage in the sum of $2,000. Her prayer is for $3,200 damages with interest at eight per cent per annum from February 15, 1921, and costs. The reply denied all the affirmative allegations of the answer.

The cause was tried without a jury, the court finding, in writing, that the defendant was the owner of the building known and designated as the Gagnon House, located at Nos. 10–12 East Gagnon Street in the city of Butte; that plaintiff performed the work and purchased the materials as he alleges, and improved the property; that the itemized statement of the plumbing, heating and furnace material and labor contains a

just and true account of the amount due plaintiff from defendant therefor; that $823.27 is the reasonable value of the materials furnished and labor done, and that defendant agreed to pay the same, but has not paid any part thereof, although the plaintiff has demanded that she pay the same; that within ninety days subsequent to the date of the last item of the account plaintiff duly filed the bill and amount therefor and paid the legal fee of one dollar for recording the same; that the work was done in a careful and workmanlike manner; that defendant is not entitled to $1,200 or any other sum claimed by her; and that plaintiff is entitled to a judgment according to the prayer of his complaint. From the judgment defendant appeals.

The allegation in the complaint that the defendant is the [1] reputed and record owner of the "property," and that the materials and labor entered into and upon "the improvement and maintenance of that certain building occupied as a dwelling and lodging house at 10–12 Gagnon Street," was met by this admission in the answer: "Admits that she is the owner of the real property at Nos. 10–12 East Gagnon Street." The court found that the defendant was "the owner of the building known as the Gagnon House."

In *Midland C. & L. Co.* v. *Ferguson,* 61 Mont. 402, 202 Pac. 389, this court held that the term "property" referred to the "building, structure, or other improvement, and not to the land"; that the lien claimant was not required to hire a surveyor to locate the land; that if the description of the building itself was "sufficient to enable a person familiar with the locality to point it out as the only one corresponding with the description contained in the lien," it met all the requirements of the statute; and that if errors in the lien were eliminated and still left enough "to identify the particular property sought to be charged the lien will be upheld."

The fact that the defendant owned the "Gagnon House" and lived in it is enough to show that she was familiar with its situation in reference to the surrounding property, and was

not put to any disadvantage in defending the action. At least there is nothing in the record to indicate that she was.

Defendant's counsel in his brief says: "Twenty-one dollars [2] are claimed for connecting heating on the 16th of October. If this item accrued and this work was done in October, 1919, then no lien could be claimed for it, because more than ninety days intervened between October, 1919, and July, 1920. If the work was done after October 6, 1920, then an account rendered on the sixth day of October cannot be a just and true account, because no one can anticipate what the correct amount will be unless there is an express contract for that particular amount, and that is not claimed by the plaintiff. This item, in any event, must fail because the statement does not disclose when the work was done. It failed to mention the year during which the work was done."

The headline of the account is "Butte, Mont., Oct. 6, '20." Underneath in the usual form of an account there are items of materials furnished and labor performed set opposite the following dates: "July 22, '20; Aug. 11, '20; Aug. 16, '20; Aug. 24, '20; Sept. 20, '20; Oct. 16 (year not given); Nov. 17, '20." In the lien statement there is this paragraph: "That said work and labor was performed and said materials and fixtures were furnished between the dates of July 22, 1920, and November 17, 1920." As we understand counsel's point, it is simply that because no year is given after the item of October 16, plaintiff was not entitled to a lien "for what occurred after Oct. 6, 1920." The evidence was that the work was done and the materials were furnished as stated in the lien and account, and the court so found. The contention, therefore, that the plaintiff was not entitled to a lien for what was done after October 6, 1920, cannot be sustained, for it is obvious that the work was all done and the materials furnished between July 22, 1920, and November 17, 1920.

The further claim that the items "freight and drayage $37," [3] "helper's time $16," and "fitter's time $42," are not in accordance with the demands of the statute because they do

not name the person or persons who did the work, nor specify
the number of days each person worked, nor the dates, is met
by the decision of this court in *Newman* v. *Grant,* 36 Mont. 77,
92 Pac. 43, where the same objection was made to items stated
precisely as they are here. They were held to be specific
enough to satisfy the statute.

In *Crane & Ordway* v. *Bautz,* 53 Mont. 438, 164 Pac. 533,
speaking of this statute, the court said: "The necessary steps
having once been taken to secure the lien, the law is subject
to the most liberal construction, for it is remedial in character,
and rests upon broad principles of natural equity and com-
merical necessity." While the requirements of the statute are
that a just and true account shall be made, the lien will not
be lost because the items of the account do not descend to
minute particulars. If this court should construe the statute
as counsel for the defendant does, its beneficent and salutary
provisions would not be satisfied.

The evidence as to the work done and the materials furnished
was conflicting. After seeing the witnesses upon the stand and
hearing them testify, the district court found that it showed
a compliance with the understanding between the parties when
the job was given out, and that the plaintiff was entitled to
a lien upon the property in the amount stated in the complaint.

The judgment signed by the court does not contain the
[4] findings of fact and conclusions of law the court made be-
fore the rendition of the judgment. Instead, it recites what
plainly purports to be the findings proposed by counsel for
the plaintiff. The findings of the court were warranted by
the evidence, as were also the conclusions of law. The judg-
ment should have been based upon them. The court's finding
was that "the defendant was the owner of the building com-
monly known and designated as the Gagnon House, located
at number ten (10) and twelve (12) East Gagnon Street in
the city of Butte." It does not, however, order and adjudge
the defendant and all persons claiming from or under her
"be forever barred and foreclosed of and from all equity of

redemption and claim in, of and to said premises and every part and parcel thereof'' as does the judgment. Upon the oral argument it was conceded by both sides that the findings recited in the judgment were the proposed findings of counsel for the plaintiff—not made by the court upon the evidence— and that they were incorporated therein through mistake and inadvertence. That the judgment entered is not the judgment the court intended should be entered is apparent. The cause must therefore be remanded, with directions to enter a judgment in accordance with the findings of fact and conclusions of law made by the court.

Another paragraph in the judgment complained of is the [5] award of $14.50 as costs to the plaintiff without the service of the memorandum upon the defendant as provided by section 9803 of the Revised Codes of 1921. If these costs were allowed without a compliance with the terms of the statute, the proceedings thereon should have been preserved in a bill of exceptions as provided by section 9387.

The cause is remanded, with directions to the district court to proceed in conformity to the views herein expressed.

*Remanded.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.