WESTERN    PLUMBING    COMPANY,    APPELLANT,    *v.*
FRIED, RESPONDENT.

(No. 2,125.)

(Submitted June 17, 1905.   Decided July 11, 1905.)

*Mechanics' Liens—Verification—Invalid Lien—Personal Judgment.*

Mechanics' Liens—Verification—Insufficiency.
1. A verification, attached to a mechanic's lien (section 2131, Code of Civil Procedure, as amended by Laws 1901, p. 162), and executed by the president of a corporation in its behalf, stating "that the matters and things therein stated are true, *to the best of his knowledge, information and belief,*" is not an affidavit and therefore insufficient for the purpose intended.

Mechanics' Liens—Invalid Lien—Personal Judgment.
2. A party seeking to foreclose a mechanic's lien may have a personal judgment in the same action against the person liable for the materials furnished and the work and labor done, though he fails to establish his lien.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by the Western Plumbing Company against R. M. Fried.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

*Mr. L. P. Forestell,* for Respondent.

The lien was not properly verified and the court committed no error in excluding it.   "An affidavit verifying a mechanic's lien must be sworn to positively." (*Dorman* v. *Crozier,* 14 Kan. 227; *McElwee* v. *Sanford,* 53 How. Pr. (N. Y.) 89; *Keogh* v. *Main,* 50 N. Y. Super. Ct. 183; *Montana L. & M. Co.* v. *Obelisk Min. Co.,* 15 Mont. 20, 26, 37 Pac. 897; *Globe Iron Roofing etc. Co.* v. *Thatcher,* 87 Ala. 458, 6 South. 366; *Conklin* v. *Wood,* 3 E. D. Smith (N. Y.), 662; *Orr & L. Hardware Co.* v. *Needham Co.,* 169 Ill. 100, 61 Am. St. Rep. 151, 48 N. E. 444; *Long* v. *Pocahontas Coal Co.,* 117 Ala. 587, 23 South. 526; *Cook* v. *Rome Brick Co.,* 98 Ala. 409, 12 South. 918.),

As to plaintiff's right to a personal judgment on failure to establish his lien, without amendment of his complaint, see *Castelli* v. *Trahan*, 78 N. Y. Supp. 950, 77 App. Div. 472; *Gallick* v. *Englehardt*, 73 N. Y. Supp. 309, 36 Misc. Rep. 269; *Wilson* v. *Nugent*, 125 Cal. 280, 57 Pac. 1008; *Green* v. *Sprague*, 120 Ill. 416, 11 N. E. 859; *Hursey* v. *Hassam*, 45 Miss. 133; *Tian* v. *Lloyd*, 21 Tex. Civ. App. 433, 52 S. W. 982; *Hildebrandt* v. *Savage*, 4 Wash. 524, 30 Pac. 643, 32 Pac. 109; *Laycock* v. *Parker*, 103 Wis. 161, 79 N. W. 327.

*Mr. O. M. Hall*, for Appellant.

The lien is unquestionably verified by affidavit and technically complies with the terms of section 2131, Code of Civil Procedure. It is the policy of courts generally and it has always been the policy of this court to construe mechanics' liens liberally and with a view to sustaining the lien. (*Black* v. *Appolonio*, 1 Mont. 342; *Putnam et al.* v. *Ross et al.*, 46 Mo. 337; *Oster* v. *Robeneau*, 46 Mo. 595; *Deathrige* v. *Woods*, 37 Kan. 59; *Schroder* v. *Muller*, 33 Mo. App. 33. See, also, *Gray* v. *Voorhis*, 8 Hun (N. Y.), 612; *Chapman* v. *Brewer*, 43 Neb. 890, 47 Am. St. Rep. 779, 62 N. W. 320; *Laswell* v. *Church*, 46 Mo. 279; *Finley* v. *West*, 51 Mo. App. 569; *Kezartee* v. *Marks et al.*, 15 Or. 529, 16 Pac. 407.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by the Western Plumbing Company, a corporation, to enforce a mechanic's lien. The allegations of the complaint were denied in the answer, and upon the issues thus framed the cause was tried. Upon the trial plaintiff offered in evidence the lien which was verified as follows: "John Maus, being first duly sworn, on oath says that he is the president of the Western Plumbing Company, a corporation, and as such makes this affidavit; that he has read the foregoing claim of lien, knows the contents thereof, and that the matters and things therein stated are true, to the best of

his knowledge, information, and belief.'' This was objected to on the ground that the lien, not being verified in the manner required by law, was invalid and of no effect. This objection was sustained, and thereupon counsel for the defendant moved the court to dismiss the plaintiff's action, for the reason that, it being an action to foreclose a lien, and there being no proper lien in the case, no personal judgment could be entered against the defendant. This motion was likewise sustained, the action dismissed, and a judgment of dismissal entered. From this judgment this appeal is prosecuted.

The only errors assigned are, first, the order of the court sustaining the objection to the introduction of the lien, and, second, the order of the court sustaining defendant's motion to dismiss plaintiff's action. Each of these questions has been determined by this court.

1. Section 2131 of the Code of Civil Procedure as amended by an Act of the Seventh Legislative Assembly, approved March 7, 1901 (Session Laws, 1901, p. 162), provides, among other things: ''Every person wishing to avail himself of the benefits of this chapter, must file with the county clerk of the county in which the property or premises mentioned in the preceding section is situated, and within ninety days after the material or machinery aforesaid has been furnished, or the work or labor performed, a just and true account of the amount due, after allowing all credits, and containing a correct description of the property to be charged with such lien, verified by affidavit, * * * ''

In *Benepe-Owenhouse Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024, this court held that a complaint verified in substantially the same manner as this lien is not an affidavit. The reason for the rule announced in that case is equally applicable in this. (Boisot on Mechanics' Liens, sec. 452.)

The statute provides that the lien is made up of, first, the account; second, the description of the property; and, third, the affidavit. The account is required to be a just and true one, showing the amount due the claimant after allowing all

credits, and there must be a correct description of the property to be charged with the lien. This account and description is required to be verified by affidavit, and the affidavit is made an essential part of the lien—as much so as the account or the description of the property. Therefore, if there was no affidavit attached to the account and description, there was in fact no lien, and the court properly excluded the pretended one offered in evidence.

2.    May a party seeking to foreclose a mechanic's lien, although he fails to establish his lien, nevertheless have a personal judgment in the same action against the person liable for the materials furnished or work or labor done? This question was answered in the affirmative in *Goodrich Lumber Co. v. Davie et al.,* 13 Mont. 76, 32 Pac. 282, and in *Aldritt* v. *Panton et al.,* 17 Mont. 187, 42 Pac. 767, and those decisions are conclusive of the question here. In this respect the court erred, and for this error the judgment is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.