CRANE & ORDWAY CO., APPELLANT, *v.* BAATZ ET AL., RESPONDENTS.

(No. 3,743.)

(Submitted March 20, 1917. Decided April 2, 1917.)

[164 Pac. 533.]

*Mechanics' Liens—Affidavit—Insufficiency—Construction—Rule.*

Mechanics' Liens—Liberal Construction—Rule.
    1.  The rule that mechanics' lien laws are remedial, and should be liberally construed and applied, means that, the necessary steps having once been taken to secure the lien, the law is subject to the most liberal construction.

Same—Affidavit—Insufficiency.
    2.  A writing attached to an intended mechanic's lien, which contained no jurat or other evidence to show that the claimant made oath before a person authorized to administer oaths, and which did not assume to

verify either the description of the property affected or the account, did not constitute such an affidavit as is required by section 7291, Revised Codes.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION to enforce a materialman's lien by the Crane & Ordway Company, a corporation, against Nick Baatz and others. From a judgment for defendants, plaintiff appeals.    Affirmed.

*Messrs. Peters & Smith,* for Appellant, submitted a brief; *Mr. LaRue Smith* argued the cause orally.

The rule in Montana is that the mechanic's lien law shall be liberally construed.    (*Black* v. *Appolonio,* 1 Mont. 342; *Smith* v. *Sherman Min. Co.,* 12 Mont. 524, 31 Pac. 72; *Missoula Merc. Co.* v. *O'Donnell,* 24 Mont. 65, 60 Pac. 594, 991; *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428; *Western I. Works* v. *Montana P. & P. Co.,* 30 Mont. 550, 77 Pac. 413.)

The statutes of Montana do not require a jurat in the authentication of an affidavit nor any particular form, further than that the notary shall attach his signature, his seal and statements concerning his residence and the date of the expiration of his commission to whatever form of authentication he adopts. It follows that in this state an oath may be authenticated as well in the body of the affidavit as at the foot of the affidavit, and the courts will look to the recitals in the body of the affidavit to determine whether or not any oath was administered.    The recital that the affiant, O'Brien, made his statements under oath is that of the notary, and is to be considered as a part of the notary's certificate.    (*Kleber* v. *Block,* 17 Ind. 294; *Wiley* v. *Bennett,* 9 Baxt. (68 Tenn.) 581; *Hanson* v. *Cochran,* 9 Houst. (Del.) 184, 31 Atl. 880; *Bickerdike* v. *Allen,* 157 Ill. 95, 29 L. R. A. 782, 41 N. E. 740; *Miller* v. *Caraker,* 9 Ga. App. 255, 71 S. E. 9.)    The decisions cited show that any statements not made directly by the affiant as part of the substantive facts to which he is deposing are taken to be the statements of the notary, and if such state-

ments show that the oath was administered, they are as much a certificate of the fact as a formal written statement, or jurat, to that effect placed at the foot of the affidavit by the notary. We submit that the statement, "C. S. O'Brien, being first duly sworn, on oath deposes and says," is the statement of the notary, and is a part of his certificate or authentication of the oath.

The jurat is no part of the affidavit in Montana. (Rev. Codes, sec. 7899.) Where statutes do not require any jurat to be attached to affidavits, or any particular form of evidence of the oath to be affixed to the written declaration, as in Montana, it is the rule that the jurat is no part of the affidavit and not necessarily essential to its validity, but that it is merely a form of evidence that the oath was administered. (*Cox* v. *Stern*, 170 Ill. 442, 62 Am. St. Rep. 385, 48 N. E. 906; *James* v. *Logan*, 82 Kan. 285, 136 Am. St. Rep. 105, 108 Pac. 81; *Williams* v. *Stevenson*, 103 Ind. 243, 2 N. E. 728; *Cohen* v. *Bernstein*, 170 Ill. App. 113; *Turner* v. *St. John*, 8 N. D. 245; 78 N. W. 340.) And a demurrer to the affidavit will not reach the jurat. (*Smith* v. *Walker*, 93 Ga. 252, 18 S. E. 830.)

Furthermore, the courts quite generally agree that where, as here, the statutes do not prescribe any requirements for the formal parts or authentication of an affidavit, evidence *aliunde* may be entertained to show that the oath was in fact administered. (*Turner* v. *St. John*, 8 N. D. 245, 78 N. W. 340; *Cox* v. *Stern*, 170 Ill. 442, 62 Am. St. Rep. 385, 48 N. E. 906; *Cohen* v. *Bernstein*, 170 Ill. App. 113; *Miller* v. *Caraker, supra; Williams* v. *Stevenson*, 103 Ind. 243, 2 N. E. 728; *Cook* v. *Jenkins*, 30 Iowa, 452; *James* v. *Logan*, 82 Kan. 285, 136 Am. St. Rep. 105, 108 Pac. 81; *Ladow* v. *Groom*, 1 Denio (N. Y.), 429; *Pottsville* v. *Curry*, 32 Pa. St. 443; *Sebesta* v. *Supreme Court of Honor*, 77 Neb. 249, 109 N. W. 166.) If one party be permitted to introduce evidence impeaching the jurat, certainly the other ought to be permitted to introduce evidence to sustain it or supply it. (*Green* v. *Rhodes*, 8 Ga. App. 301, 68 S. E. 1090; *Cox* v. *Stern, supra; Hitsman* v. *Garrard*, 16

N. J. L. 124; *Crosier* v. *Cornell Steamboat Co.*, 27 Hun (N. Y.), 215.)

It would seem unjust to hold that an innocent party should be made to suffer by the notary's error, especially where in fact the oath was administered, and the party against whose property the lien is sought to be enforced is not shown to have been prejudiced. (*Laswell* v. *Presbyterian Church*, 46 Mo. 279; *Pottsville* v. *Curry*, 32 Pa. St. 443; *Kruse* v. *Wilson*, 79 Ill. 233.)

*Messrs. Freeman & Thelan,* for Respondents, submitted a brief; *Mr. J. W. Freeman* argued the cause orally.

In *Metcalf* v. *Prescott*, 10 Mont. 283, 25 Pac. 1037, we find a case very similar to the one before us, so far as the sufficiency of the affidavit is concerned, only in that case it was the affidavit to a mining location, and in this case it is an affidavit to a lien notice.

We believe that the same rule as to proof of acknowledgment of the execution of an instrument applies equally to the proof of the taking of an affidavit to a lien, which is filed for record in the county clerk and recorder's office, with other instruments, which have for·their purpose the giving of notice to the public, and it is well settled that the acknowledgment of the execution of an instrument cannot be proved in any other manner than by the certificate of the officer taking the acknowledgment. (*Pendleton* v. *Button*, 3 Conn. 406; *Hayden* v. *Westcott*, 11 Conn. 129; *Kerr* v. *Russell*, 69 Ill. 666, 18 Am. Rep. 634; *Solt* v. *Anderson*, 71 Neb. 826, 99 N. W. 678; *Rogers* v. *Pell*, 154 N. Y. 518, 49 N. E. 75; *Elwood* v. *Klock*, 13 Barb. (N. Y.) 50; *Forrester* v. *Reliable Transfer Co.*, 59 Wash. 86, Ann. Cas. 1912A, 1093, 109 Pac. 312.)

An interesting case on the question of the insufficiency of an affidavit to a lien is found in the case of *Tygart Valley Brewing Co.* v. *Vilter Mfg. Co.*, 184 Fed. 845, 107 C. C. A. 169. In that case the defense was that the account or lien which was executed and subscribed to before a notary public of the state of Wisconsin was not accompanied by the certificate of

the proper officer. The plaintiff attempted to prove that as a matter of fact the notary public who administered the oath was at the time duly authorized to administer oaths, and that his signature was genuine. The court ruling held that "the want of verification or of a sufficient verification is a defect which goes to the whole claim, and cannot be amended." (Citing Phillips on Mechanics' Liens, 3d ed., sec. 366; Jones on Liens, sec. 1451; *Cream City F. Co.* v. *Squier,* 2 Misc. Rep. 438, 21 N. Y. Supp. 972; *Colman* v. *Goodnow,* 36 Minn. 9, 1 Am. St. Rep. 632, 29 N. W. 338; *Hickey* v. *Collom,* 47 Minn. 565, 50 N. W. 518; *Steton & Post Mill Co.* v. *McDonald,* 5 Wash. 496, 32 Pac. 108; *Hill* v. *Alliance Building Co.,* 6 S. D. 160, 55 Am. St. Rep. 819, 60 N. W. 752; *McDonald* v. *Rosengarten,* 134 Ill. 126, 25 N. E. 429; *McGillivray* v. *District Tp.,* 96 Iowa, 629, 64 N. W. 974; *Lindsay* v. *Huth,* 74 Mich. 712, 42 N. W. 358.)

MR. JUSTICE SANNER delivered the opinion of the court.

The correctness of the judgment from which this appeal is taken depends upon whether the plaintiff has a valid lien, under section 7291, Revised Codes, upon the property of the respondent Nick Baatz. As and for such lien the plaintiff filed in the proper office a document comprising: (1) An unsigned notice of lien claim, reciting, among other things, that the claimant furnished certain materials for the Nick Baatz building, erected on lot 1, in block 414, of the original town site of Great Falls, Cascade county, Montana; "that the value of the said materials amounted to the sum of $2,707.93, as will more fully appear, reference being had to an itemized statement of account of said materials hereunto annexed, marked 'Exhibit A,' and hereof made a part"; (2) the following matter, just after the notice: "[Venue.] Charles S. O'Brien, being first duly sworn, on oath deposes and says: That he is the managing agent for the Crane & Ordway Company, a corporation, the party in the foreging notice of lien and statement of account of the amount due said Crane & Ordway Company for the materials therein described, after allowing all credits and offsets; that said notice and statement

contains a correct description of the property to be charged with said lien; and that all the facts stated in said notice and statement are true. C. S. O'Brien, Managing Agent for Crane & Ordway Company. On this 3d day of February in the year 1914, before me, Julius C. Peters, personally appeared Charles S. O'Brien, known to me to be the managing agent of the Crane & Ordway Company, the corporation that executed the within instrument, and acknowledged to me that such corporation executed the same. Julius C. Peters, Notary Public for the State of Montana, residing at Great Falls. My commission expires December 19, 1916. [Seal.]'' (3) Forty-five typewritten pages of figures headed, ''Exhibit A, Itemized Statement of Account,'' followed by (4) this matter: ''[Venue.] C. S. O'Brien, being first duly sworn, deposes and says that he is the local manager of the Great Falls branch of the Crane & Ordway Company, a corporation existing under and by virtue of the laws of the state of Minnesota; that he has read and examined the within account; that it is true of his own knowledge; that the said account is just; that the balance of twenty-seven hundred seven dollars ninety-three cents ($2,707.93) is wholly unpaid. C. S. O'Brien. Subscribed and sworn to before me this 3d day of March, 1914. E. H. Schmidt, Notary Public for the State of Montana, residing at Great Falls, Montana. My commission expires July 8, 1916. [Seal.]''

The trial court held this document to be ineffective to create a lien, because it does not purport to be ''a just and true account of the amount due  *  *  *  after allowing all credits, and containing a correct description of the property to be charged,  *  *  *  verified by affidavit,'' as required by law; and this conclusion is assailed as a violation of the well-known rule that [1] mechanics' lien laws are remedial, and therefore to be liberally construed and applied. Counsel mistake, and therefore misapply, the rule they seek to invoke. It is that, the necessary steps having once been taken to secure the lien, the law is subject to the most liberal construction, for it is remedial in character, and rests upon broad principles of natural equity and commer-

cial necessity. But the special right acquired in virtue of a mechanic's lien is purely statutory, and the manner of securing it, by perfecting the lien, consists of various steps, which are also statutory, and must be strictly followed. (*Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 54, 144 Pac. 772; *McGlauflin* v. *Wormser,* 28 Mont. 177, 181, 72 Pac. 428.) The present case has to do with the means taken to secure the lien. "The [2] paper containing the account, description, and affidavit is deemed the lien," and while certain errors in the account or description may not invalidate the lien, the affidavit is essential, and must go to both the account and the description. (Rev. Codes, sec. 7291.) It will be observed that the only effort to verify the description, as such, occurs in the matter marked (2) above, which contains no jurat, or other intimation by anyone authorized to administer oaths, to show that any oath was taken; on the contrary, it proves, if anything at all, that C. S. O'Brien acknowledged that the corporation claimant executed the notice. By no liberality of construction can the matter embraced in item (2) be called an affidavit. (Rev. Codes, sec. 7988; *Metcalf* v. *Prescott,* 10 Mont. 283, 294, 25 Pac. 1037.)

The appellant, conceding, as it must, that the affidavit should verify the other two things necessary to make up the lien, to-wit, the account and the description, insists that the affidavit which appears at the end of "Exhibit A, Itemized Statement of Account," that is to say, item (4) above, does so because the "account," to which it refers, means the narration embraced in the entire document, including the description. If this were true, the lien should be sustained, for no set form or order is required (*Wertz* v. *Lamb,* 43 Mont. 477, 482, 117 Pac. 89); but the true meaning of "account," as used in section 7291, is not as contended, and is not the meaning intended to be conveyed by the affidavit, item (4). This affidavit does not assume to verify the description at all, and does not verify the account itself as the statute requires. The account must be a just and true one, "after allowing all credits," and must be verified as such. The purpose of the affidavit is clear enough. It is not merely to

entitle the lien claim to record, but to furnish a sanction for it in such an oath as will subject the affiant to punishment for perjury if it be false in material particulars. No such result could follow here, even though the description in item (1) were wholly false, or the account in item (3) were altogether untrue and unjust, "after allowing all credits."

The judgment appealed from is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

