GREGG, PLAINTIFF, *v.* SIGURDSON ET AL., DEFENDANTS; THOMPSON YARDS, INC., APPELLANT; COMMONWEALTH FEDERAL SAVINGS BANK OF DETROIT, RESPONDENT.

(No. 5,144.)

(Submitted April 9, 1923. Decided May 14, 1923.)

[215 Pac. 663.]

*Mechanics' Liens—Verification—Sufficiency.*

Mechanics' Liens—Verification—Sufficiency.
    1. *Held,* that a verification to a mechanic's lien to the effect that affiant, after deposing directly and positively that he had read the claim for lien and knew its contents, that the matters and things therein stated were true "as he verily believes," was a sufficient compliance with the provisions of section 8340, Revised Codes of 1923, and not void as having been made on information and belief.
Same—Affidavit—Rule for Testing Sufficiency.
    2. Where the sufficiency of the affidavit attached to a mechanic's lien is questioned, one of the tests is whether perjury is assignable upon it; if so, it is sufficient.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

ACTION by Hugh Gregg to foreclose a mechanic's lien against John Sigurdson and others, in which Thompson Yards, Incorporated, also claimed a lien, which claim was resisted by the Commonwealth Federal Savings Bank of Detroit, Michigan, mortgagee. Judgment denying the lien of Thompson Yards,

and it appeals. Reversed and remanded, with directions to enter decree for plaintiff.

*Mr. M. J. Lamb* and *Mr. H. R. Sherman,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. Lamb* argued the cause orally.

Swearing that a statement is true as the affiant "verily believes" is a much higher degree of affidavit than merely stating it is true to the best of his knowledge, information and belief. An affidavit on information and belief implies that it is based on hearsay, but "to swear that one believes a thing to be true is equivalent to swearing that it is true, and perjury may be assigned on such affidavit if false." (2 C. J. 355, 356; *Russell* v. *Ralph,* 53 Wis. 328, 10 N. W. 518; 29 Am. & Eng. Ency. of Law, 2d ed., 1045, note 7; *In re Keller,* 36 Fed. 681; *Champ* v. *Kendrick,* 130 Ind. 549, 30 N. E. 787.)

In *Crane & Ordway Co.* v. *Baatz,* 53 Mont. 438, 164 Pac. 533, and in *Rogers-Templeton Lumber Co.* v. *Welch,* 56 Mont. 321, 184 Pac. 840, this court said in substance that the test of the sufficiency of the affidavit to a mechanic's lien is whether perjury is assignable upon it.

There are no reported decisions where an affidavit to a mechanic's lien similar to the one in this case has been questioned. In the case of *State* v. *Luper* (Or.), 95 Pac. 811, perjury was assigned on a verification to a complaint for divorce which stated "that the complaint was true as he verily believed," and the court said that "a verification of a complaint by a plaintiff stating that the complaint was true as he verily believed was perjury, if willfully false."

*Messrs. Shea & Wiggenhorn,* for Respondent, submitted a brief; *Mr. Thomas F. Shea* argued the cause orally.

Appellant states that swearing that a statement is true as the affiant verily believes is a much higher degree of affidavit than merely stating it to be true to "the best of his knowl-

edge, information and belief." We have been unable to find any authority for such distinction and even if there are any decisions to this effect, we submit that they do not commend themselves to sound reason and common sense.

An analysis of the two phrases will show that in fact "to the best of his knowledge, information and belief" is a stronger statement than "verily believes," for in the former the affiant gives some reason for his belief, while in the latter no reason whatever is stated. If in the former we strike out the words "knowledge and information," the portion remaining has substantially the same meaning as "verily believes," but as has been above stated, the words "knowledge and information" add strength to the former statement, for the reason that they show some foundation for the belief.

As opposed to all of the authorities cited by counsel, we again call attention to *Leigh* v. *Green,* 62 Neb. 344, 86 N. W. 1093, reaffirmed on rehearing in 64 Neb. 843, 90 N. W. 255, wherein the court had under consideration the distinction between an affidavit wherein the facts are stated positively, although the affidavit concludes with the expression "verily believes" and the cases where the whole statement of the affiant was governed by the expression "verily believes." We respectfully submit that the distinction made in said case is pertinent to the affidavit now under consideration, for in the affidavit appended to appellant's lien statement there is no positive statement of fact, but the whole thereof is dependent upon the expression "verily believes."

We submit that the affidavit in the *Leigh Case* is substantially identical and is subject to the same criticism as the one set forth in *Western Plumbing Co.* v. *Fried,* 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394, and also the one under consideration in this case, and that is that in each of said affidavits there is a total failure to positively state the facts and that everything stated in each of said affidavits is made dependable upon the mere belief of affiant as the concluding clause shows.

MR. COMMISSIONER ROSE' prepared the opinion for the court.

Plaintiff instituted this action to foreclose certain mechanics' liens and named the parties to this appeal as defendants. The appellant claimed a mechanic's lien on the property involved, and the respondent held a real estate mortgage thereon. The cause was tried by the court without a jury. At the trial the respondent objected to the introduction of appellant's lien in evidence upon the ground that the verification thereto was made on information and belief, and not positively. Thereafter the court held that the affidavit attached to the lien of appellant was made on information and belief, and was therefore void, and entered judgment and decree accordingly.

Did the trial court err in holding that the lien in question [1] was verified on information and belief, and therefore void, or is the affidavit attached to the lien a sufficient compliance with the requirements of section 8340, Revised Codes of 1921? We believe that both these questions should be answered in the affirmative.

Section 8340, *supra*, provides, among other things, that the notice of lien shall contain—"a just and true account of the amount due him, after allowing all credits, and containing a correct description of the property to be charged with such lien, verified by affidavit, but any error or mistake in the account or description does not affect the validity of the lien, if the property can be identified by the description, which paper containing the account, description, and affidavit is deemed the lien."

The verification to the lien of appellant reads as follows: "State of Montana, County of Yellowstone—ss.:

"C. D. Hagge, being first duly sworn, deposes and says: That he is the duly authorized agent of the Thompson Yards, Incorporated, a corporation, that he makes this affidavit for and on behalf of the said corporation; that he has read the foregoing claim of lien, with statement of account thereto

attached, and knows the contents thereof; and that the matters and things therein stated are true as he verily believes.

"C. D. HAGGE.

"Subscribed and sworn to before me by the said C. D. Hagge this 28th day of July, A. D. 1920.

"[Seal]                        H. R. SHERMAN,

"Notary Public for the State of Montana, Residing at Billings, Montana.

"My commission expires May 31, 1921."

Respondent urges that the foregoing verification is substantially identical with the one that was under consideration in the case of *Western Plumbing Co.* v. *Fried,* 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394. But the two are clearly distinguishable, in that in the latter case the affidavit concludes with the statement "that the matters and things therein stated are true, to the best of his knowledge, information and belief." The word "information," as here used, implies that the belief of affiant is based upon hearsay and suggests a lack of knowledge of the facts set forth in the claim for lien. Such an implication is wholly lacking in the affidavit involved in this action. The affiant makes a direct and positive statement that he has read the claim for lien and knows the contents thereof, and that the matters and things therein stated are true, and then adds "as he verily believes." Webster defines the word "verily" as meaning: "In very truth; beyond doubt or question; in fact; certainly; truly; confidently; really." It does not appear from this affidavit that affiant was not possessed of a knowledge of the facts therein referred to, and it is only reasonable to presume that he, as well as any other person, verily believes the truth of a fact positively stated under oath. The statement that the entire contents of the claim for lien are true is not modified or rendered uncertain by adding the words quoted. Such an expression imports more than a mere belief of the facts stated, and is much stronger than a statement showing that affiant's belief is founded on hearsay only. The affidavit involved herein makes evident and clearly

evinces the truth of certain facts, and is substantiated by the oath of the agent for claimant. It does not fall within the limit of the case of *Western Plumbing Co.* v. *Fried, supra.* We do not wish to be understood as holding that such a verification would meet the requirements of a statute governing the issuance of an injunction or the appointment of a receiver without notice, on the complaint alone, wherein it is necessary that such verification be made positively, as of affiant's own personal knowledge, in order to furnish sufficient proof or legal evidence to warrant the court in granting the relief asked upon such a showing.

In *Globe etc. Co.* v. *Thacher,* 87 Ala. 458, 6 South. 366, an affidavit to a statement of claim for a mechanic's lien reciting that "the foregoing statement is true as to the best of the affiant's knowledge and belief," was held insufficient because there was no affirmance of personal knowledge; and in the case of *Leftwich Lumber Co.* v. *Florence Mutual etc. Assn.,* 104 Ala. 584, 18 South. 48, the same court held that an affidavit that the affiant "has personal knowledge of the matters and things stated in the foregoing statement, and that they are true to the best of his knowledge and belief," was sufficient, in that: "Here the affidavit affirms that the affiant has personal knowledge of the facts contained in the statement, and that they are true to the best of that personal knowledge, and that he believes them to be true."

In discussing the meaning of the words "verily believes," the supreme court of Wisconsin, in the case of *Russell* v. *Ralph,* 53 Wis. 328, 10 N. W. 518, said the test of the affidavit was whether perjury could be assigned, and further stated that: " 'Verily believes,' therefore, includes good reason in fact to believe, * * * for, while a person might have a 'good reason to believe,' and yet disbelieve, he could not 'verily believe,' without having good reason in fact to believe."

One of the rules in testing the sufficiency of an affidavit [2] to a mechanic's lien is whether perjury is assignable upon it. In our opinion the affidavit involved in this action

is sufficient to "subject the affiant to punishment for perjury, if it be false in material particulars." (*Crane & Ordway Co. v. Baatz*, 53 Mont. 438, 164 Pac. 533; *Rogers-Templeton Lbr. Co. v. Welch*, 56 Mont. 321, 184 Pac. 838.)

We recommend that the judgment be reversed and the cause remanded to the district court, with directions to enter a decree in favor of the appellant.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause is remanded to the district court, with directions to enter a decree for appellant.

*Reversed and remanded.*