FISK TIRE CO., Appellant, *v.* LANSTRUM et al., Respondents.

(No. 7,202.)

(Submitted February 3, 1934. Decided February 26, 1934.)

[30 Pac. (2d) 84.]

*Mr. John K. Claxton* and *Mr. John A. Shelton,* for Appellant, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. Earle N. Genzberger* and *Mr. R. F. Gaines,* for Respondents, submitted a brief; *Mr. Genzberger* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff sued the defendants as the directors of the Lanstrum Company, a Montana corporation, to recover on a debt of the corporation, because of the failure to file statutory annual reports. The cause was submitted to the trial court upon an agreed statement of facts.

The indebtedness owing to the plaintiff became an account stated on March 20, 1931. An annual report, containing all the information required by Chapter 5, Laws of 1927, for the year ending December 31, 1929, was filed within the time provided by law, and likewise a report of the affairs of the corporation for the year ending December 31, 1929, was filed within time. This Act provides that the report shall be signed

by any of the officers enumerated therein, and "shall be verified by the oath" of one of such officers. The alleged reports filed were verified by the president, as follows: "That the said report and statement is true to the best of his knowledge and belief."

The trial court, after submission of the cause, entered a judgment dismissing the action. The appeal is from the judgment.

It is the contention of plaintiff that Chapter 5, supra, requires such reports to be verified positively; and, because the reports in question were not verified in that manner, that they were insufficient to relieve the defendants from their liability as directors for failure to report. The defendants contend these reports were sufficient, and therefore the directors were not liable for failure to report; hence the judgment of the trial court was correct.

Plaintiff relies upon the case of *Western Plumbing Co.* v. *Fried,* 33 Mont. 7, 81 Pac. 394, 114 Am. St. Rep. 799, wherein this court had under consideration the sufficiency of a mechanic's lien, and held the lien to be invalid, since the affidavit thereto was verified "to the best of his [affiant's] knowledge, information, and belief." The statute there under consideration, section 8340, Revised Codes 1921, required the claim of lien to be "verified by affidavit." Plaintiff also relies upon the case of *Benepe-Owenhouse Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024. There this court had under consideration a complaint verified on information and belief, which had been the sole basis of an application for the appointment of a receiver without notice. It was held that such a complaint did not meet the requirements of section 9302, Revised Codes of 1921. As was pointed out, it was necessary under the statute that certain facts be made to appear to the court, that one of the methods by which the necessary facts could be brought to the attention of the court was by affidavit, and that a complaint so verified was not an affidavit for that purpose.

An affidavit is a written declaration under oath. (Sec. 10632, Rev. Codes 1921; *Wertz* v. *Lamb,* 43 Mont. 477, 117 Pac. 89.)

One of the modes of taking testimony is by affidavit. (Sec. 10631, Id.) In the *Benepe Case*, this court was speaking concerning an affidavit as a mode of taking testimony and as a means of presenting testimony to the court as the foundation for the order there in question. Manifestly, statements contained in such an instrument and based on information and belief, being at most merely hearsay, would be inadmissible, and facts brought to the attention of the court by such an affidavit would be clearly insufficient to form the basis for the granting of an order appointing a receiver without notice.

The provisions of Chapter 5, supra, require that the report be "verified by oath." To "verify" means to confirm by oath. (*Wertz* v. *Lamb*, supra.) Therefore, when the legislature added the words "by oath," nothing was added to the meaning of the word "verify." The report was required to be confirmed by oath.

Among the items required by Chapter 5 to be included in the report is the amount of the existing debts of the corporation. The report may be made by the president, vice-president, secretary or treasurer of the corporation. Corporations can act only through their officers and agents. Boards of directors may authorize any of the enumerated officers, and, indeed, other agents, to create debts as valid liabilities of corporations. If more than one officer of a corporation is authorized to incur indebtedness, then any of its other officers who attempt to make the verification necessary to the annual report cannot verify it in any other manner than upon information and belief as to obligations which may have been incurred by other duly authorized officers and agents without their presence. Interpretations must be reasonable. (Sec. 8771, Rev. Codes 1921.) The law never requires impossibilities. (Sec. 8760.)

This court, in the case of *Smith* v. *Collis*, 42 Mont. 350, 112 Pac. 1070, 1073, Ann. Cas. 1912A, 1158, when considering the sufficiency of an affidavit made in part on information and belief for the publication of a summons, used this all-inclusive language: "Whenever the statute, either in express terms or

by implication, requires a person to make a statement which from the very nature of things can only be made on information and belief, an affidavit in that form meets the demands of the statute."

Chapter 5, Laws of 1927, does not require the verification shall be made positively. In our opinion, the annual reports were sufficiently verified to comply with this statute.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.