No. 14337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

SAUNDERS CASH-WAY LUMBER & HARDWARE
COMPANY, a Corporation,

Plaintiff and Appellant,

-vs-

SUSAN A. HERRICK and JAY BROWN, d/b/a
CALIVA CONSTRUCTION,

Defendants and Respondents.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Fred N. Dugan, Billings, Montana

    For Respondents:

        Hendrickson, Bishop and Everson, Billings, Montana

_____

Submitted on briefs: October 2, 1978

Decided: DEC 6 - 1978

Filed: DEC - 1978

_____Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff appeals from an order dated, April 24, 1978, granting summary judgment in favor of defendant, and summary judgment dated May 12, 1978, entered by the District Court for the Thirteenth Judicial District, Yellowstone County. The parties submitted this appeal on an agreed statement in lieu of a record on appeal.

Respondent owns real property situated in Yellowstone County, Montana. Respondent entered into a contract with Caliva Construction Company for improvements to the real property she owned. Materials and supplies used in the improvement of respondent's property were furnished by appellant to Caliva Construction Company on and between October 4, 1976 and November 10, 1976. Those materials and supplies were valued at $2,843.24. None of this amount has been paid to appellant.

On December 21, 1976, appellant timely filed in the Clerk and Recorder's office for Yellowstone County a material-man's lien pursuant to section 45-502, R.C.M. 1947. That lien contained the following verification:

"STATE OF MONTANA          )
                          )  ss.
County of Yellowstone )

R. A. SAUNDERS, being first duly sworn, upon his oath deposes and says:

That he is Secretary and Business Manager of claimant in this lien; that he makes this affidavit for and on behalf of claimant, being duly authorized thereunto; that he has read the within and foregoing notice of lien and the annexed statement marked 'Exhibit A'; and knows the contents thereof; that the matters and things therein set forth are true (to the best) of his own knowledge, (information and belief).

                    /s/ R. A. Saunders

                    (Acknowledgment)"

Appellant admits that R. A. Saunders did not have personal knowledge of the transactions resulting in the statement

-2-

attached as Exhibit A. The above instrument is asserted by appellant as sufficient to meet the affidavit requirement of section 45-502, R.C.M. 1947.

On July 12, 1978, complaint of appellant was filed for foreclosure. Service of process was made only upon the respondent. The contractor who was joined as a defendant in the cause had previously left the State, was not served and does not figure in this appeal other than in relation to the fact there is no direct contractual relationship between appellant and respondent and that the relationship of appellant to respondent is only that implied from the construction contract alleged in the complaint and answer. An agreed statement of facts was made and filed.

The matter was submitted on the agreed statement of facts to the District Court upon cross motions for summary judgment. The District Court entered its order granting summary judgment for respondent and entered summary judgment declaring the lien to be invalid due to an insufficient verification.

The only issue presented by this appeal is whether a mechanic's lien verified by a corporate officer "(to the best) of his own knowledge, (information and belief)" is valid and enforceable. After consideration of the record and law pertinent to this issue, we determine that the verification here was insufficient and we thus affirm the judgment of the District Court as to the invalidity of the lien.

It is well settled in Montana law that the special right acquired by virtue of a mechanic's lien is purely statutory, and the manner of securing it, by perfecting the lien, consists of various steps and must be strictly followed. McGlauflin v. Wormser (1903), 28 Mont. 177, 72 P. 428; Crane & Ordway Co. v. Baatz (1917), 53 Mont. 438, 164 P. 533, 534; American

-3-

Homes, Inc., v. Broadmoor Corporation, et al. (1969), 153 Mont. 184, 455 P.2d 334, 336. The statute which sets forth the necessary requirements for perfection of the lien is section 45-502, R.C.M. 1947, and states in pertinent part "[e]very person wishing to avail himself of the benefits of this chapter must file with the county clerk . . . a just and true account of the amount due him . . . containing a correct description of the property to be charged with such lien, verified by affidavit . . ." This Court has interpreted that language to require for perfection of the lien an account, a description and an affidavit. Western Plumbing Co. v. Fried (1905), 33 Mont. 7, 81 P. 394; Wertz v. Lamb (1911), 43 Mont. 477, 117 P. 89, 92.

The purpose of the affidavit is not only to entitle the lien to record, "but to furnish a sanction for it in such an oath as will subject the affiant to punishment for perjury if it be false in material particulars." Crane & Ordway Co. v. Baatz, 164 P. at 535. Such a requirement is necessary because of the extraordinary right imposed by the mechanic's lien. Once the lien is perfected, it has priority over any prior lien, encumbrance or mortgage upon the land. Section 45-506, R.C.M. 1947. This extraordinary claim should not be placed on the property of another unless the facts out of which the lien arises are vouched for on oath by some person who knows them to exist. Globe Iron Roofing & Corrugating Co. v. Thatcher (1889), 87 Ala. 458, 6 So. 366, 367. The sanction of perjury insures the veracity of the statements made by the person with knowledge. Thus, a test of the sufficiency of the affidavit to a mechanic's lien is whether perjury is assignable upon the verification to it. Gregg v. Sigurdson (1923), 67 Mont. 272, 215 P. 662, 663.

Perjury is defined in our criminal code as knowingly making in an official proceeding a false statement while under oath. Section 94-7-202(1), R.C.M. 1947. Considering the verification before us and the record on appeal, we cannot conclude perjury is assignable upon this verification.

The affidavit does not indicate of what R. A. Saunders has personal knowledge. Giving the verification the most favorable construction, it only affirms that R. A. Saunders knows the contents of the attached exhibit and that those contents are "true (to the best) of his own knowledge, (information and belief);" that is to say, he swears that statement shows that charges were incurred by Caliva Construction Company. He does not swear to the validity of those charges. This Court has stated "that an affidavit so worded is in no sense equivalent to a declaration under oath that the matter contained therein is true." Rogers-Templeton Lumber Co. v. Welch (1919), 56 Mont. 321, 184 P. 838, 840. If the items contained in the statement were in fact false, R. A. Saunders could not be charged with perjury based on the verification as it is worded. The record reveals R. A. Saunders did not have personal knowledge of the transactions resulting in the items contained in that statement, and therefore could not absolutely swear to the validity of the statement. Thus, perjury is not assignable upon this verification and in that respect it is insufficient.

The verification is insufficient in another respect. When a lienor asks the Court to enforce a mechanic's lien and foreclose, the lienor is asking the Court to impose an extraordinary right upon the property involved. The lienor asks the Court to take such action based upon the complaint and accompanying affidavit as proof of the existence of the lien. Thus the complaint and affidavit in this situation

-5-

"must be considered from the standpoint of evidence and tested by the rules of evidence, rather than those of pleading and practice." Benepe-Owenhouse Co. v. Scheidegger (1905), 32 Mont. 424, 80 P. 1024, 1026. See, Fisk Tire Co. v. Lanstrum (1934), 96 Mont. 279, 30 P.2d 84, 85.

This consideration is particularly relevant in the present situation where the parties submitted stipulated facts to the District Court, including the notice of the lien and supporting affidavit, and upon this proof asked for a decision. If the allegations contained in the notice and affidavit are made positively and sworn to as of the affiant's own knowledge, there is no apparent reason why they may not convince a court of their truth. Benepe-Owenhouse Co. v. Scheidegger, supra. "If the allegations, however positively made, are sworn to only upon information furnished to the affiant by some third person, then they are merely hearsay, and ought not to have been given any evidentiary value, for the evidence necessary to move the [court] must be legal evidence." Benepe-Owenhouse Co. v. Scheidegger, supra.

As in Benepe, it cannot be ascertained from the affidavit before us now what portion of the facts alleged are declared upon R. A. Saunders' own knowledge, what portion upon information which may have been furnished to him from whatever source obtainable, or what portion upon his mere belief, which may be a deduction from facts and circumstances as they appeared to him. An affidavit verified in such a fashion is insufficient and will not support a claim for a mechanic's lien. Western Plumbing Co. v. Fried, supra.

Therefore, because an affidavit is an essential part of a mechanic's lien, Western Plumbing Co. v. Fried, supra, and because the document in this case is insufficient as an affidavit no lien existed and the District Court is affirmed.

-6-

_____
                  Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-7-