No. 81-81

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

CLIMATE CONTROL COMPANY,
INC., a Corporation,

Plaintiff and Appellant,

vs.

BERGSIEKER REFRIGERATION INC.,
et al.,

Defendant, Respondent and Third-
Party Plaintiffs.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellant:

S. Y. Larrick, Kalispell, Montana

For Respondent:

Hash, Jellison, O'Brien and Bartlett, Kalispell,
Montana
Murphy, Robinson, Heckathorn and Phillips,
Kalispell, Montana

---

Submitted on briefs: October 9, 1982

Decided: February 1, 1982

Filed: **FEB 1 - 1982**

_Thomas J. Kearney_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Climate Control brought an action for debt and for foreclosure of a mechanic's lien. Following a motion for summary judgment, Climate Control presented an extensive written offer of proof with proposed exhibits. The District Court of Flathead County awarded summary judgment to Arrowhead, Inc., holding that Climate Control did not create or have a valid mechanic's lien, and Arrowhead, Inc., was awarded reasonable attorney's fees and costs of suit to be determined by the District Court. We affirm the holding that a valid mechanic's lien was not created.

The key issue which determines the case is whether the District Court erred in holding that the claimed mechanic's lien was invalid because the affidavit in the claim of lien was not legally sufficient. We will briefly refer to the other issues which are not controlling.

Climate Control is a distributor of airconditioning equipment. Bergsieker is a dealer in airconditioning equipment. Climate Control entered into an agreement with Bergsieker for the sale of various airconditioning equipment to be installed by Bergsieker in the Outlaw Inn owned by third party defendant, Arrowhead, Inc.

Climate Control contends it received no payment from Bergsieker for such equipment furnished to the Outlaw Inn, and contends there is in excess of $30,000.00 owing. On November 6, 1974, Climate Control filed a claim of lien and statement of account in the office of the Flathead County Clerk and Recorder. In pertinent part, the claim of lien and statement of account said:

"That Climate Control, Co., Inc., a Washington corporation duly authorized to transact business within the State of Montana, did, between September, 1973 and the 7th day of August, 1974, furnish certain cooling and heating equipment and supplies and related and associated materials . . . That there is due, owing and unpaid to this claimant the sum of $29,868.00 on account of the equipment, supplies and materials so furnished. . .

"That a statement of account of said equipment, supplies and materials is hereto annexed as exhibit 'A' and by this reference made a part hereof. . .

"That the sum of $29,868.00, together with interest at the legal rate is now justly due and owing to this claimant after allowing all offsets and credits. . . (a description of real properties included)."

The verification by affidavit stated in pertinent part:

"State of Montana       )
                        )    ss.
"County of Flathead )

"Donald J. LaPlante, being first duly sworn deposes and says:  That he is the Treasurer of Climate Control Company, Inc., the claimant named in the foregoing claim of lien and statement of accounts; that said account contains a just and true account of the amount due said claimant for equipment, supplies and materials furnished, after allowing all credits and offsets; that said claimant's statement contains a correct description of the property to be charged with said lien; and that all of the facts stated in said claim and statement are true to the best of his knowledge, information and belief."
(Underscoring added.)

Attached to the claim are copies of invoices from Climate Control.  From the invoices it appears that various described equipment was furnished between September, 1973 and August 7, 1974.  The filing date of November 6, 1974, is the 91st day following the stated final date for furnishing of air-conditioning equipment.  Section 71-3-511, MCA, requires that a mechanic's lien be filed within 90 days after the materials have been furnished.

In ruling on the motion for summary judgment by defendant, Arrowhead, the District Court concluded that summary judgment

should be entered inasmuch as Climate Control's notice of lien was not filed within 90 days of the end of the period in which the notice asserts that the materials were furnished, that the notice was not amended within the time period during which a lien could be filed, and that the affidavit incorporated in such lien is not legally sufficient, and, therefore, stated in its judgment:

> "1. That Arrowhead is awarded summary judgment that plaintiff (Climate Control) did not create a valid lien and does not have a lien against the described real property.
>
> ". . .
>
> "3. Arrowhead is entitled to reasonable attorney's fees and its costs of suit to be paid by plaintiff Climate Control and court reserves jurisdiction to conduct a hearing to determine such fees."

The issue as to the sufficiency of the affidavit attached to the mechanic's lien claim is determined by Saunders Cash-Way, etc. v. Herrick (1978), 179 Mont. 233, 587 P.2d 947. Climate Control attempts to distinguish Saunders by arguing that the affiant did positively state that the account contains a just and true account of the amount due and that it also contains a correct description of the property, which are the essential requirements under section 71-3-511, MCA. A careful reading of the verification answers this contention. It is true that the affiant states that the account contains a just and true account and that the statement contains a correct description of the property. However, those positive statements are qualified by the last portion of the verification in which the affiant stated: ". . . and that all of the facts stated in said claim and statement are true to the best of his knowledge, information and belief." That qualifying statement clearly limits the preceding "positive" statements so that we must determine the sufficiency

of a verification which states that the facts are true to the best of an affiant's knowledge, information and belief.

Saunders is directly comparable to the present case. The verification in Saunders, which was determined by this Court to be insufficient, stated in pertinent part:

> ". . . that the matters and things therein
> set forth are true (to the best) of his
> knowledge, (information and belief)."

With the exception of the use of parenthesis, which is not significant, the wording is almost identical to the verification in the present case.

In explaining why a positive affidavit is essential, this Court in Saunders, 179 Mont. at 236, 587 P.2d at 949, stated:

> "Such a requirement is necessary because of
> the extraordinary right imposed by the mechanic's
> lien. Once the lien is perfected, it has prior-
> ity over any prior lien, encumbrance or mortgage
> upon the land. Section 45-506, R.C.M. 1947.
> [Now 71-3-502(3), MCA.] This extraordinary
> claim should not be placed on the property of
> another unless the facts out of which the lien
> arises are vouched for on oath by some person
> who knows them to exist. Globe Iron Roofing &
> Corrugating Co. v. Thatcher (1889), 87 Ala. 458,
> 6 So. 366, 367. The sanction of perjury insures
> the veracity of the statements made by the per-
> son with knowledge. Thus a test of the suffi-
> ciency of the affidavit to a mechanic's lien
> is whether perjury is assignable upon the veri-
> fication to it. Gregg v. Sigurdson (1923), 67
> Mont. 272, 215 P. 662, 663."

In pointing out that the verification statement was not equivalent to a declaration under oath that the matter is true, this Court in Saunders, 179 Mont. at 237, 587 P.2d at 949, stated:

> "This Court has stated 'that an affidavit
> so worded is in no sense equivalent to a de-
> claration under oath that the matter contain-
> ed therein is true.' Rogers-Templeton Lumber
> Co. v. Welch (1919), 56 Mont. 321, 184 P. 838,
> 840. If the items contained in the statement
> were in fact false, R. A. Saunders could not
> be charged with perjury based on the verifica-
> tion as it is worded."

This Court in Saunders further emphasized that a verification must also be considered from the standpoint of the rules of evidence to determine if it meets such standards. The Court stated at 179 Mont. at 237-238, 587 P.2d at 949-950:

> "The verification is insufficient in another respect. When a lienor asks the Court to enforce a mechanic's lien and foreclosure, the lienor is asking the Court to impose an extraordinary right upon the property involved. The lienor asks the Court to take such action based upon the complaint and accompanying affidavit as proof of the existence of the lien. Thus the complaint and affidavit in this situation 'must be considered from the standpoint of evidence and tested by the rules of evidence, rather than those of pleading and practice.' Benepe-Owenhouse Co. v. Scheidegger (1905), 32 Mont. 424, 80 P. 1024, 1026. See, Fisk Tire Co. v. Lanstrum (1934), 96 Mont. 279, 30 P.2d 84, 85.
>
> "This consideration is particularly relevant in the present situation where the parties submitted stipulated facts to the District Court, including the notice of the lien and supporting affidavit, and upon this proof asked for a decision. If the allegations contained in the notice and affidavit are made positively and sworn to as of the affiant's own knowledge, there is no apparent reason why they may not convince a court of their truth. Benepe-Owenhouse Co. v. Scheidegger, supra. 'If the allegations, however positively made, are sworn to only upon information furnished to the affiant by some third person, then they are merely hearsay, and ought not to have been given any evidentiary value, for the evidence necessary to move the [court] must be legal evidence.' Benepe-Owenhouse Co. v. Scheidegger, supra."

As in Saunders, it cannot be ascertained here from the affidavit of Mr. LaPlante what portion of the facts is declared upon his own knowledge, what portion upon information furnished from other sources and what sources those might be, what portion is upon his mere belief, and what portion may be a deduction from facts and circumstances as they appeared to him. Such an affidavit is insufficient and will not support a claim for a mechanic's lien.

Climate Control submitted an extensive offer of proof which included facts claimed to support their contention that equipment had been furnished within the 90 days prior to the filing of the claim of lien so that the error in date contained in the lien claim should not be enforced against them. While the facts and the law might justify a court in disregarding such an error in date, because of our holding on the verification question, this matter will not be considered.

We affirm the summary judgment for the defendant, Arrowhead, Inc.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-