No. 83-52

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

LITTLE HORN STATE BANK,
a banking corporation,

Plaintiff and Respondent,

-vs-

SCHESSLER-MILLER READY MIX, et al.,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Herman Law Firm; Larry D. Herman for Schessler-Miller
Ready Mix, Laurel, Montana
Roy Johnson for Peavey Supplies, Billings, Montana

For Respondent:

Douglas Freeman, Hardin, Montana

---

Submitted on Briefs: January 26, 1984

Decided: June 14, 1984

Filed: JUN 14 1984

Ethel M. Harrison
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Schessler-Miller Ready Mix, Inc., and Garcia Cement Company appeal an order of the Carbon County District Court denying their motion to reconsider and amend a summary judgment entered against them holding their mechanics' liens invalid.

Although the two companies raise three issues relating to the validity of their mechanics' liens, the issue in essence is whether a lien claimant who asserts in an affidavit that the contents of the lien are true has fulfilled the statutory requirements of section 71-3-511, MCA, that an affidavit verify that the amount claimed is "a just and true account after allowing all credits."

The lien claimants argue: first, that section 71-3-511, MCA, prescribes no particular form for a mechanic's lien; second, that the notice of lien does not have to contain the language "a just and true account;" and third, that their liens are sufficient on which to base a charge of perjury, under Saunders Cash-Way Lumber v. Herrick and Brown (1978), 179 Mont. 233, 587 P.2d 947. We reverse the trial court and order the liens reinstated.

On November 16, 1978, Ronald D. Kohl and Mary Lou Kohl borrowed $59,000, at 10 percent interest, from Little Horn State Bank of Hardin, Montana. The Kohls gave the Bank a promissory note for the loan, and executed a mortgage on property described as "Tract C, Certificate of Survey No. 993, Carbon County, Montana" as security. The note came due on June 1, 1979, but the Kohls failed to pay the note.

In 1979 and 1980, the Kohls contracted with the various defendants to build a house on their property. It is not clear from the record whether a house was ever completed, but the defendants all filed mechanics' liens in 1980. By statute (section 71-3-502(4), MCA) a mechanic's lien has priority over a previously filed mortgage.

On May 26, 1981, the Bank filed a complaint to foreclose on the mortgage, because the note was still unpaid. The Bank claimed as due the $59,000 note, plus interest from November 16, 1978 to May 22, 1981 ($16,058.46), totaling $75,058.46. The Bank notified the Kohls and the lien holders of record that it intended to foreclose on the mortgage and to quiet title in the Bank's name.

The Kohls failed to respond, and the court entered default judgment against them. The Bank moved for summary judgment against Schessler-Miller, Garcia Cement, and Peavy Building Supplies, arguing that the liens of these companies were invalid, the effect of which gave priority to the Bank's mortgage.

Schessler-Miller's lien is in the amount of $1,061.97, Garcia Cement's lien is for $1,957.00, and Peavy Supplies' two liens totaled $13,388.36. The three companies and the Bank stipulated that the only issue to be decided by the trial court was whether the affidavits of the three companies' mechanics' liens were sufficient to satisfy the statutory requirements for a valid lien.

The trial court held that Peavy Building Supplies' liens were valid and that the Bank has not appealed. However, the trial court also held that Schessler-Miller and Garcia's liens were invalid because they did not verify that the amount due was a net amount.

Although a valid mechanic's lien has priority over any mortgage on the property, section 71-3-502(4), MCA, to perfect the lien, a lien claimant must follow the procedures of section 71-3-511, MCA. The disputed requirement is in section 71-3-511(1). It states that a lien claimant must file a "just and true account of the amount due him, after allowing all credits, containing a correct description of the property . . . verified by affidavit . . ."

The mechanics' liens of Schessler-Miller and Garcia consisted of a statement of the amount owing, real property description, names of the owners, the dates of completion, and a signed affidavit that the facts in the lien were true and within the knowledge of the affiant. The lien of Schessler-Miller stated a precise indebtedness "an indebtedness of $1,061.97," and the lien of Garcia also stated a precise indebtedness "an indebtedness of $1,957.00." However, the two mechanics' liens did not contain language referring to the account as a just and true account.

Implicit in a statement of an amount due and owing is that it is a net amount, after accounting for all debits and credits. To verify the account as a net account a lien claimant is not required to use the statutory words "just and true account . . . after allowing credits." The purpose of the statute is to give notice to the public and property owner that a mechanic's lien has been filed for a certain amount and on specific property. Clearly, the liens of the lien claimants here give the required notice to the public and to the property owner.

The third issue is whether the lien claimants' liens are valid under the standard set forth in Saunders Cash-Way Lumber v. Herrick and Brown (1978), 179 Mont. 233, 587 P.2d

- 4 -

947. Under Saunders, the affidavit verifying the amount due must be sufficient on which to base a perjury charge if the statement is false. In holding that the lien claimants' statements did not meet this test, the trial court stated:

> ". . . it is apparent that in neither the announcement of the amount of indebtedness set forth in the notice nor in the statement of account attached as Exhibit 'A' has the lien claimant made any commitment that the figures given represent 'a just and true account of the amount due him, after allowing all credits . . .' Although the affidavit is one upon which perjury could be assigned, it is not so assignable as to all of the necessary elements of the lien."

In Saunders we upheld the trial court's denial of a mechanic's lien because the affidavit conditioned the truth of the lien on the affiant's knowledge, information and belief, and therefore it did not constitute a statement under oath by a person who had personal knowledge of the facts. In Saunders, the affiant would not have been subject to a perjury charge if the amount due failed to reflect payments, and therefore we held that the affidavit was insufficient.

The language of the statute itself is sufficient to put potential lien claimants on notice that the amount they claim as due must be correct, that is, it must be a net amount. Section 71-3-511(1), MCA, provides that the affidavit must set forth ". . . a just and true account . . . after allowing all credits . . ." It does not say that these statutory words must be incanted in the body of the affidavit supporting the filing of a mechanic's lien.

As we have held, implicit in any lien claim is a belief that the amount claimed is a net amount, and that such statement of amount owed will subject a lien claimant to a charge of perjury. The affidavits of Schessler-Miller and Garcia clearly meet the standard of Saunders. They swore

that they knew the contents of the lien, that the facts were true, and that the affiant had personal knowledge concerning the facts stated. It can be determined from reading the liens that the amounts stated are net amounts, and that the affiants believed those amounts to be net amounts. Therefore, the liens have met the perjury standard and are valid.

The District Court order granting summary judgment in favor of the Bank is reversed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices