JUSTICE NELSON
concurs.
¶35 I concur in the result of the Court’s Opinion on the narrow facts of this case. I do not agree with all that is said, however.
¶36 As to Issue 1, there is no question that Pinnacle’s complaint was not properly verified. It has been well settled for decades that verification “on information and belief’ is defective because the affiant is not swearing to and signing the document on personal knowledge of the facts attested to. Saunders Cash-Way, etc. v. Herrick, 179 Mont. 233, 587 P.2d 947 (1978); see also § 1-5-602(5), MCA. Here, the trial court was generous in allowing Pinnacle to cure its defectively verified complaint by giving what was effectively rebuttal testimony. Nonetheless, at least for purposes of the injunction hearing, I cannot conclude that the trial judge abused his discretion.
¶37 As to Issue 2, § 82-10-503(1), MCA, permits “[t]he surface owner [to] waive the notice requirement.” I conclude that Diamond Cross waived statutory notice under § 82-10-503, MCA, to the extent that Pinnacle did not give notice, as required, at the address shown “by the records of the county clerk and recorder at the time the notice is given.” Diamond Cross, through one of its principals, Lonnie Wright, participated in oral discussions with Pinnacle’s representative at the ranch, and in conjunction with those discussions accepted written correspondence and the statutory notice at Wright’s address. Clearly, Diamond Cross had actual notice of Pinnacle’s intentions. Therefore, under these facts, given that Wright accepted the statutory notice at his address used in other correspondence with Pinnacle, I conclude that Diamond Cross effectively waived the requirement for notice at the address in the county clerk and recorder’s office.
¶38 That said, however, I am not prepared to agree with the Court’s statement in ¶ 30, that “it does not appear that [§ 82-10-503, MCA] was intended to abrogate the common law right of entry ....” Sections *28 82-10-501 to 511, MCA, constitute a comprehensive statutory scheme to protect surface owners from damage and disruption of their agricultural operations. Section 82-10-501, MCA. As a result, there are severe criminal and civil penalties for violating the notice statute, § 82-10-503, MCA. See § 82-10-510, MCA, and §§ 82-11-147 to 149, MCA.
¶39 With that in mind, § 1-2-103, MCA, provides:
Statutes in derogation of the common law - liberal construction. The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of the state of Montana. The statutes establish the law of this state respecting the subjects to. which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice. [Emphasis added.]
Contrary to this statute which requires the Court to liberally construe § 82-10-503, MCA, the Court narrowly construes the statute by concluding that the leaseholder may enter upon the surface of the land even if the statutory notice has not been given, and that the surface owner is powerless to prohibit such entry. Opinion, ¶ 30.
¶40 It is true, as the Court observes at ¶¶ 31-32, there is a harsh penalty for a leaseholder’s failure to timely comply with the drilling requirements of an oil and gas lease-the lease is forfeited. However, the operator’s decision to conduct its drilling operations in the eleventh hour of the lease’s primary term should not, under a liberal construction of § 82-10-503, MCA, constitute a sort of self-created emergency that requires the surface owner to stand idly by, powerless to prevent the leaseholder from entering upon the surface owner’s land, damaging his property, and disrupting his agricultural operations, without first complying with the statutory notice requirements. The surface owner should not have to rely on the Board of Oil and Gas Conservation or on the local county attorney to-maybe-enforce or punish the operator’s lack of diligence after the fact and after the damage is done. Surface owners worked too hard to get the Legislature to enact §§ 82-10-501 to 511, MCA, and to secure the protections afforded by this statutory scheme. In my view, the Legislature did intend to abrogate the common law right of entry and reasonable use, and I cannot agree with the Court’s statements to the contrary.
¶41 Accordingly, while on the narrow facts of this case I concur in the result of the Court’s Opinion, I cannot agree with its statements in ¶ 30.